## SHARP v. HIMES.

## Opinion delivered June 4, 1917.

1. ADMINISTRATION—EXCEPTIONS TO ADMINISTRATOR'S SETTLEMENT.— Heirs of deceased have the right, in resisting the approval of the administratrix's settlement, to question any of the items for which the administratrix was then claiming credit.

2. ADMINISTRATION—NECESSITY FOR.—The appointment of an administrator, in the absence of any direct attack upon the appointment, or appeal from that action, is conclusive of the necessity for the administration.

3. DOWER—CHOSES IN ACTION.—A widow is entitled to dower in kind out of the choses in action of her deceased husband.

4. DOWER—CROPS RECEIVED AS RENT.—The widow is entitled to dower in the proceeds from the sale of crops received as rent from the land of her deceased husband.

5. ADMINISTRATION—WIDOW AS ADMINISTRATRIX—COMMISSIONS.—The fact that the widow is also administratrix does not affect her right to commissions.

Appeal from Sharp Circuit Court, Southern District; *J. B. Baker,* Judge; reversed.

*David L. King, Joe McCaleb* and *McCaleb & Reeder,* for appellant.

1. The probate court allowed administration and no ·person objected, ·nor appealed. The circuit court erred in trying the case *de novo.* 92 Ark. 234; 36 *Id.* 401; 92 *Id.* 611. Mere illegal allowances to an administrator are not grounds for impeaching or setting aside a settlement. The remedy is by appeal. 34 Ark. 72; 90 *Id.* 261; 92 *Id.* 611. No fraud is alleged.

2. The re-stated account shows error on its face. The widow was entitled to dower to a full one-third, in gross, of the *entire* personal estate, without any deductions, as provided for in § § 3 and 74, Kirby's Digest. 102 Ark. 322; *Ib.* 309, 313.

3. The widow was entitled to dower in the items accruing ·after the death of decedent; interest and corn and cotton. 8 Ark. 9; 60 *Id.* 461, 477; 40 *Id.* 393.

4. Live hogs are meat, and the court erred in charging the widow with $25.00. If not, live hogs are "*provisions.*" Kirby's Digest, § 72.

5. The appointment of an administrator by the court is an adjudication of the necessity for an appointment, and conclusive. 46 Ark. 373.

6. Appellant furnished a home and provided for appellees with clothes, food and education and was entitled to credit on account of the cotton and corn. 9 Cyc. 242; 2 Blackst. Com. 443; 29 Pa. 465.

7. Commissions should have been allowed on the full amount of the estate administered. Because she was the widow is no cause for refusal to allow her commissions.

The appellees *pro se.*

1. The court acted very liberally with appellant in making allowances, and well within the law and evidence; in truth we think the court allowed her over $300 more than she was legally entitled to; hence, no errors were committed and the settlement, as made, should be

allowed to stand. Kirby's Digest, § § 3, 72, 74, 75; 5 Ark. 608, 698; 8 *Id.* 9; 102 *Id.* 322; 67 *Id.* 283; 92 *Id.* 234; 50 *Id.* 217, and others.

2. There was no necessity for administration and the expense was unnecessary; the heirs were all of age and there were no debts. Hence she was not entitled to any commissions. Besides, she agreed not to charge any commissions.

3. As to the "live hogs," it is not shown when they were butchered and thus became "meat." 17 Ark. 586; Kirby's Digest, § § 3, 74, etc.

4. The rent was not collected until in the fall of 1912, when Norris died in 1911. If she had any claim for feeding, clothing, etc., the girls, she should have presented her claims to the probate court. 60 Ark. 461.

5. She was not entitled to dower in the interest accruing after the death of her husband. 5 Ark. 608; 8 *Id.* 9; 102 *Id.* 322.

6. The widow could have taken $300 worth of personal property, if she had selected it before sale under section 3, Kirby's Digest, and $150 under section 74, but it was too late after the sale. 67 Ark. 283; Kirby's Digest, § 75. Under 5 Ark. 698, the widow waived her rights.

Other exceptions and allowances are stressed, but the court has not passed on them.

SMITH, J. This litigation arose over certain exceptions filed by appellees, as children and heirs at law of James Norris, deceased, to the settlement of their mother as administratrix of his estate. Practically every item embraced in the settlement was questioned in the probate court. The probate court passed upon these exceptions, and there was an appeal to the circuit court, where the appeal from the probate court was dismissed, and, upon appeal to this court, that action was reversed and the cause was remanded to the circuit court, with directions to reinstate the appeal. *Himes* v. *Sharp,* 123

Ark. 61.   This appeal was reinstated and the exceptions heard, and a number of the exceptions were sustained and the account of the 'administratrix re-stated, and judgment rendered accordingly, and this appeal has been prosecuted to review that action.   These exceptions, which are numerous, have all been considered by us, but we shall discuss only those which involve questions of law or fact of sufficient importance to require discussion.

(1)   It is first said that the court erred in considering exceptions to vouchers Nos. 1, 2, 3, 4a, 5, 6, 8, 9, 10, 11, 12 and 15, which cover allowances of dower and the statutory allowances under sections 3, 72 and 74 of Kirby's Digest, and certain expenses of administration. These exceptions question the necessity for administration, and the right to commissions as administratrix, as well as the allowances mentioned above.   As appears from the statement of facts in the former opinion in this case, this settlement was filed at the December, 1912, term of the probate court, and continued until the next term, and the exceptions thereto were filed in apt time. Exceptants had the right, in resisting the approval of the administratrix's settlement, to question any of the items for which the administratrix was then claiming credit.   *Burke* v *Coolidge,* 35 Ark. 180.   And we shall proceed to the consideration of such of these items as it appears necessary to discuss.

(2)   The necessity for the administration is questioned.   But we think the appointment of the administratrix, in the absence of any direct attack upon her appointment, or appeal from that action, is conclusive of the necessity for the administration.

The court heard proof upon the question of the right to charge commissions.   There was conflicting proof concerning an alleged agreement between the administratrix and the heirs in regard to these commissions, it being contended by the heirs that the administratrix had agreed, prior to and as an incident to her ap-

pointment, that she would charge no commissions. This was denied by the administratrix, and while there was no special finding of fact by the court below, we assume that the court found there was no agreement not to charge commissions, as the court made an allowance for commissions, and this item will, therefore, be disposed of by a determination of the value of the estate administered upon.

(3) One of the principal items in controversy is that of the amount of dower for which the administratrix, as widow, was entitled to take credit. The law of this subject, so far as it is involved in this litigation, is announced in the cases of *Remshard* v. *Renshaw,* 102 Ark. 313, and *Ex parte Grooms,* 102 Ark. 322, in which last cited case it was said (to quote from a syllabus):

"3. Dower—How Estimated.—In estimating the amount of a widow's dower in personalty the whole of the personal estate must be taken into consideration, including the property taken under the special provisions of Kirby's Digest, § § 3, 72 and 74; but she can not take from one class of property more than one-third thereof, as dower, in order to make up for a deficiency in another class created by reason of her having selected out of that class the above special provisions."

The administratrix says that the value of the estate, for the purpose of calculating the dower, should be fixed at $4,195.95, while exceptants place the value at $3,746.91. The difference grows out of interest which accumulated on outstanding loans after the death of the intestate, the contention of exceptants being that this interest was not property of which the intestate was seized or possessed and that, therefore, dower could not be carved out of it. The estate consisted principally of these loans, all of which bore interest at the same rate per cent. The widow was entitled to dower in kind out of all these choses in action, but the dower was not assigned until after their collection. Exactly the same result is reached by allowing the widow one-third of all the interest collected as

would be reached by allowing her all the interest on one-
third of these loans, for, had dower been assigned in
these choses in action, the widow would have been en-
titled to the interest subsequently accruing on those as-
signed to her. Section 2708 of Kirby's Digest. It ap-
pears, therefore, that the court erred in refusing to al-
low dower out of this $449.04, and credit for $149.68,
one-third thereof, is now allowed the administratrix.

(4) Another exception involves a charge of $47.00,
the price of certain cotton, and of 234 bushels of corn,
received by the administratrix as rent after the death
of the intestate in the fall of the year. The corn was
charged to the administratrix as of the value of $139.10,
and there appears to have been no allowance for dower
therein, evidently upon the same theory upon which
dower out of the interest was denied. The administra-
trix will be allowed credit for one-third of the proceeds
of this cotton and corn, amounting to $62.03.

Appellant insists that she should not be charged
with any amount on account of this cotton and corn
money, for the reason that members of her husband's
family lived with her for a period of three years, during
which time stock owned by them were fed out of this and
other corn which appellant had in her possession, and
for the further reason that an infant child of one of the
exceptants had lived with appellant and been supported
by her for a period of fifteen years. Appellant makes a
showing under which it may be said that it would be
equitable to make no charge for the value of this corn;
but the decision of this question does not depend upon
the application of equitable principles. The claim here
asserted is one for a specific statutory allowance, which
can not be sustained because the widow does not show
the claim to be within the letter of the statute.

The widow was charged with the item, ''Appraised
hogs not charged, $25.00.'' This charge is resisted upon
the ground that the hogs were a portion of the allowance
to the widow under section 72 of Kirby's Digest, being

embraced in the word "meat" there employed.   If the word "meat" could be construed as embracing living hogs, which we do not decide, it does not follow that the court erred in charging this item, because the proof does not show when these hogs were butchered.

(5)   The account as re-stated by the court below shows that the administratrix paid out $1,829.39, and commissions will be allowed upon this sum.   Although the widow was the administratrix, that fact does not affect her right to commissions.   She is entitled, as administratrix, to the same commissions which would have been allowed upon an administration by any other person, and the court having found there was no agreement to make no charge of commissions, we are of opinion she should have the commissions allowed by law, which, under section 134 of Kirby's Digest, amount to $141.46.   The probate court fixed the commissions at $152.82, while the circuit court only allowed $12.04 on that account.   We think this allowance an unreasonable one.   The administratrix experienced more or less trouble in collecting the notes due her intestate, some of which were small in amount, while one of these notes was collected only through the purchase of a store building from the maker of the note, the administratrix charged herself with the full amount of the note, and she otherwise experienced the usual trouble and had the usual responsibility in the administration of this estate, which one has in the administration of similar estates.

Other exceptions are argued in the briefs, but we do not regard them as of sufficient importance to discuss here.

And, except as indicated, the judgment of the court below, in passing upon these exceptions, is affirmed; but the judgment will be reversed with directions to the court below to allow credit for the item of $149.68, for

dower out of the interest collected; and $62.03, for dower out of the cotton and corn rent; and an additional amount of $129.42 for commissions.