## POLK v. GARRISON.

### Opinion delivered February 25, 1924.

1. BANKS AND BANKING—EFFECT OF MAKING DEPOSIT.—A general bank deposit creates the relation of debtor and creditor, authorizing the bank to mix the deposit with its funds and use it in its business.

2. BANKS AND BANKING—FORGERY OF ORDER.—A bank is liable for honoring a forged telegraphic order for payment of a depositor's money.

3. POSTOFFICE—LIABILITY OF POSTMASTER FOR DELIVERING REGISTERED LETTER TO IMPOSTOR.—Where an impostor, by forging a depositor's name, induced a bank to send the deposit by registered mail, and, by impersonating the depositor, induced the postmaster to deliver the package, the postmaster was not liable to the defrauded depositor, there being no privity of contract between them.

Appeal from Union Circuit Court; L. S. Britt, Judge; affirmed.

*U. L. Meade,* for appellant.

Appellee was jointly liable with the bank, and, at the option of appellant, suit could be maintained against him alone. See C. & M. Digest, §§ 1099, 1100, 6229, 6231. Bishop on Non-Contract Law, p. 230, §§ 521-522. A letter is within the custody and control of the postal department from the time received until delivered to the person entitled thereto. 170 Fed. 121. Appellee was also liable under Acts of 1913, p. 278, § 23, the uniform negotiable instruments act. A postmaster is liable for the act of his clerk. 90 Fed. 473, 33 C. C. A. 617. Jurisdiction of the court below was not challenged by the demurrer, and it was improperly sustained. See 5 Fed. Stat. Ann., § 3833, p. 794.

*S. S. Langley,* for appellee.

The money on deposit in the bank was the property of the bank, subject to the order of Polk. 104 Ark. 550; 124 Ark. 531; 126 Ark. 266. Polk, not having ordered the withdrawal of his money, the money in question was the property of the bank, and he has no cause of action against appellee. 94 U. S. 343; 98 Ark. 1. The bank having sent the money on a forged order, was liable therefor. 137 Ark. 251. The question of contract does not enter into the case.

HART, J. D. W. Polk sued J. H. Garrison to recover $200 alleged to be due him.

According to the allegations of the complaint, in December, 1921, J. H. Garrison was postmaster for the city of El Dorado, Arkansas. In November of the same year D. W. Polk and Henry Bomb occupied the same room in the oil fields near the city of El Dorado, Ark. Bomb stole from the suitcase of Polk certain receipts for bank deposits, which Polk had from the Bank of Morton, in the town of Morton, Miss. These receipts showed that Polk had on deposit in said bank over $200. Henry Bomb then sent a telegram to the Bank of Morton, signed by D. W. Polk, to send to said D. W. Polk at El Dorado, Ark., by registered letter, the sum of $200. The bank received the telegram, and in December, 1921, mailed to D. W. Polk

at El Dorado, Ark., $200 by registered letter, and charged said amount to the account of D. W. Polk. In due course of mail the registered letter was received at the post-office at El Dorado, Ark. Henry Bomb went to the post-office and represented himself to be D. W. Polk. The defendant delivered the registered letter to him, and Bomb converted the money to his own use.

The defendant, Garrison, filed a demurrer to the complaint, which was sustained by the circuit court. The plaintiff declined to plead further, but elected to stand upon his complaint. Whereupon the circuit court dismissed his complaint, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

The decision of the circuit court was correct. According to the allegations of the complaint, D. W. Polk had $200 on general deposit in the Bank of Morton. This created the relation of debtor and creditor between the bank and Polk. The bank was authorized to mix the deposit with its funds and use it in its business. *Covey* v. *Cannon,* 104 Ark. 550; *State National Bank of Little Rock* v. *First National Bank of Atchison, Kansas,* 124 Ark. 531, and *Citizens' Bank & Trust Co.* v. *Hinkle,* 126 Ark. 266.

This court has held that a bank is liable for the payment of a forged check or bill of exchange. The reason is that forgery can carry no title to the paper, even in the hands of a *bona fide* holder. Otherwise any person might be stripped of all his money in a bank without any act at all upon his part. *Sims* v. *American National Bank of Fort Smith,* 98 Ark. 1, and *Schaap* v. *First National Bank of Fort Smith,* 137 Ark. 251.

Counsel for appellant concede the correctness of this rule, but contend that the postmaster at El Dorado was liable, because he paid the money to Bomb without inquiring whether he was the person in reality entitled to it. Hence counsel for appellant argues that there was a joint liability between the postmaster and the Bank of Morton to D. W. Polk.

The contention of counsel would be sound if D. W. Polk had ordered the amount of his deposit sent to him-

self by registered letter to El Dorado, Ark., and the post-master at that place had delivered the letter to some one impersonating Polk.

In the case at bar, however, Polk did not order the money sent to himself. The order was forged by Bomb, and Polk did not know of its existence. Hence there was no privity of contract between him and the postmaster at El Dorado. He could sue the Bank of Morton for the amount of his deposit if it refused to pay him, but he had no cause of action against the defendant. The Bank of Morton is not a party to the action, and the question as to whether or not it could recover from the postmaster is not an issue in the case.

It follows that the judgment will be affirmed.