## HOLCOMB *v.* MULLIN.

### Opinion delivered February 2, 1925.

1. WILLS—SPECIFIC LEGACIES AND DEVISES.—A specific legacy or devise is a gift by will of a specific article or part of a testator's estate which is identified and distinguished from all other parts of the same kind, and which may be satisfied only by delivery of the particular thing.

2. WILLS—SPECIFIC LEGACIES AND DEVISES.—Specific legacies and devises stand upon the same footing, and will be required to contribute ratably for payment of debts and charges against the testator's estate.

3.  DOWER—WIDOW'S SHARE IN PERSONALTY.—A testator's widow, against whom he had a divorce suit pending, but which had not been disposed of at his death, was entitled to one-half of his personal estate, including the amount of a specific legacy of the testator's money in a bank, under Crawford & Moses' Dig., § 3536, where there were no children of the testator.

Appeal from Miller Circuit Court; *J. H. McCollum,* Judge; reversed.

### STATEMENT OF FACTS.

This is an appeal from the judgment of the circuit court settling the estate of Cornelius L. Mullin, deceased, and holding that the specific devises should be first exhausted in the payment of the debts of the decedent before the specific legacies to Joe Mullins should be used. The decedent died on the 2d day of February, 1922, having made a will on February 1, 1922. Omitting the formal parts, the will is as follows:

"I. It is my will that all my just debts and funeral expenses be paid as soon after my death as can be conveniently done by my executor.

"II. I give and devise and bequeath to my nephew, Cornelius Holden, my home place, known as Los Robles, described as follows: The W½ E½ SW¼ section 10, township 15 south, range 28 west, in Miller County, Arkansas, save and except six acres sold to Susan Boatman; provided he makes Los Robles his home; including all the personal property belonging to said farm.

"III. In the event said Cornelius Holden elects not to accept said Los Robles upon the conditions, then I give, devise and bequeath said farm and personal property to William Holden, Junior, in fee simple.

"IV. To my sister, Annie, now Annie Reed, of Oxford, New York, I give, devise and bequeath the east half of lots numbered 5 and 6, in block numbered 25, in the city of Texarkana, Miller County, Arkansas, which is my apartment house.

"V. To my sister Nellie, now Nellie Holcomb, of Tie Plant, Arkansas, I give, devise and bequeath lots four (4) and five (5), in block numbered two (2), in

Goldberg's Addition to the city of Texarkana, Arkansas, on which is located two bungalows.

"VI.   To my dear Uncle, Joe Mullin, who raised and fostered my sister and me, I give, devise and bequeath all the money I may have on deposit at any bank at the time of my death.

"VII.   All the rest of my property, real, personal or mixed, wherever located, I give, devise and bequeath to my sister Catherine, now Catherine Holden, of Orlean, New York, in fee simple.

"VIII.   I hereby nominate and appoint B. E. Holcomb and F. W. Schifflin as executors of this my last will and testament."

On March 5, 1923, the executors named in the will filed their first and final settlement.

It appears from the record that the money he had on deposit in the bank at the date of his death amounted to $565.35. The executors turned over to the devisees personal property amounting to $361.50, at the appraised value, which was the reasonable market value for it. They sold other personal property for $92.92, which was its reasonable market value. The probate court allowed claims against said estate to the amount of $1,339.87. The cost of administration amounted to $157.35. The executors reported that they had paid the inheritance taxes due the State of Arkansas in the sum of $204.16. The executors also reported to the probate court in their settlement that they had used the $565.35 on deposit in the bank in the payment of the claims probated against the decedent. With the consent of the devisees named in the will, the executors took charge of the real estate and rented it out until the balance of the debts against the estate were paid.

It appears from the record that Cornelius L. Mullin had a wife from whom he was separated, and that he had a divorce suit pending against her in Miller County, Arkansas, at the time of his death. They had no children. After his death, the executors and devisees in the will settled with Mrs. Mullin for her dower interest for

$10,000. The money was put up by the devisees named in the will. Joe Mullin took no part in the matter at all.

Joe Mullin filed exceptions to the settlement, and claimed that the real estate should be preferred in the payment of the debts of the decedent, and that the application of his specific legacy to the payment of the debts should be postponed until the real estate had been first exhausted.

The probate court approved the settlement of the executors, and judgment was rendered accordingly. Upon appeal to the circuit court, the case was heard upon facts substantially as above set forth. The circuit court was of the opinion that the executors should have first used the rents from the real estate in the payment of the debts, and found that the specific legacy to Joe Mullin should have been paid to him by the executors. Judgment was rendered accordingly in his favor against the executors for the sum of $565.35, the amount of money on deposit in the bank to the credit of Cornelius L. Mullin at the time of his death. From the judgment rendered the executors have duly prosecuted an appeal to this court.

*G. G. Pope* and *Will Steel,* for appellant.

The widow was entitled to her dower interest in the estate of her deceased husband. §§ 35-36 C. & M. Digest; 117 Ark. 142. The testator could not, by will, relieve his land or other property from liability for his debts. 96 Ark. 222. Where the personal property of the estate is insufficient to pay the debts of the estate the lands and tenements in the hands of the administrator are only assets for the payment of the debts. 114 Ark. 1; 157 Ark. 569; 150 Ark. 275.

*Rodgers & Rodgers* and *H. M. Barney,* for appellee.

HART, J., (after stating the facts). A specific legacy or devise is a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other parts of the same kind, and which may be satisfied only by the delivery of the particular thing. 28 R. C. L., pp. 289 and 291; *Kenaday*

*v. Sinnott,* 179 U. S. 606; case note to 11 L. R. A. (N. S.) p. 55; and case note to 10 Ann. Cas. p. 490. Tested by the definition just stated, the legacy to Joe Mullin was a specific legacy, and the various devises in the will were specific devises.

This brings us to a consideration of which is entitled to preference over the other, if any, in the payment of the debts of the decedent. Prof. Pomeroy says that whenever it becomes necessary to resort to the class composed of the specific legacies and devises, all the legacies and devises in that class will abate pro rata. That specific legacies and devises stand upon the same footing, are subject to the same liability, are abated together under the same circumstances, and contribute ratably for the payment of debts and charges. Pomeroy's Eq. Jur., 3d. ed., vol. 3, § 1137.

In the case of *Brant* v. *Brant,* 40 Mo. 266, the testator, by his will, directed his executors to pay off and discharge all of his debts out of his estate as soon as it could conveniently be done after his decease. He then bequeathed and devised his estate by specific legacies and devises to his wife and his children in nearly equal parts. His executors paid off the debts from the rents of the real estate. Upon a bill to marshal assets, the court held that, as the testator had designated no specific fund from which the debts were to be paid, it was his intention that the devisees and legatees should contribute ratably to the abatement of the incumbrance, and that the whole burden of the debts could not be thrown upon the personal estate. The court recognized that, if a man dies intestate, owing debts, payment will be made in the regular order pointed out by the statute, commencing with the personal property.

On the other hand, the court said that if he devises and bequeaths his whole property specifically, both real and personal, it is an indication that the objects or recipients of his bounty shall have the estate in the proportions designated in the will. There, as here, the testator had made specific gifts of personal property

and specific devises of real property, and there were debts probated against the estate which could not be paid without using either the specific legacies or specific devises for such purpose. In such case, if the law should step in and make a distinction where the testator had made none, and where he had specifically designated each particular species of personal property and parcel of land, which should go to the various persons named in his will, the rule would make a very different will for the testator from that prepared by himself.

In this case, as in that, the testator commenced his will with a general direction to the executors to pay his debts as soon as it could conveniently be done after his death. His whole estate was disposed of by specific devises and bequests, and, as no specific fund was designated and set apart for the payment of the debts, the natural presumption is that he intended that the devisees and legatees should contribute ratably to their abatement.

In the case before us the testator made his will one day and died the next day. It may be presumed that he knew about how much money he had in bank and the approximate value of his other personal property. It will also be presumed that he knew approximately, at least, the amount of debts which he owed. So in this case, if he had intended for his personal property to be applied first to the payment of his debts, he had just as well not have made a specific legacy to Joe Mullin of the money he had in bank, for he knew that his other personal property was not sufficient for the payment of his debts. Therefore the rule is reasonable and just that specific devises of land and specific bequests of personalty must abate ratably in case of a deficiency of assets for the payment of the debts of the testator, because both land and personal property, under our statute, may be liable for such debts; and it was equally the intention of the testator that the legatee should have the money in bank and the devisees the particular tract of land left to each of them. *Armstrong's Appeal,* 63

Penn. 312; and *O'Day* v. *O'Day,* 193 Mo. 62, 91 S. W. 921, 4 L. R. A. (N. S.) 922.

We concur with the reasoning of those opinions that the just manner of construing the will is to give it such an application that the plans of the testator in the distribution of his estate shall be fairly carried out and no disappointment shall happen to those who appear to have been equally the objects of his bounty  Of course this rule applies to specific devises and specific legacies, and not to the residuary clause of a will.  Therefore we hold that, in marshaling assets for the payment of the debts of the testator, specific legacies of personal property abate proportionately with specific devises of land.

Another matter must be considered in the premises. The record shows that the testator had a wife living at the time of his death.  It is true that he had a divorce suit pending against her, but it had not been disposed of. His widow made demand of the executors for a settlement of her dower.  This court has held that a widow is entitled to dower in kind out of the choses in action of her deceased husband.  *Sharp* v. *Himes,* 129 Ark. 327.

Hence the widow was entitled to dower in the specific legacy of Joe Mullin.  There being no children, she was entitled to one-half of this amount.  Crawford & Moses' Digest, § 3536.  The result of our views is that the circuit court erred in rendering judgment against the executors for the whole amount of the legacy of Joe Mullin, and for that error the judgment will be reversed, and the cause remanded with directions to allow one-half of the amount of this legacy as dower to the widow, and to abate the balance proportionately with the specific devises of land in the payment of the debts probated against the estate of the decedent and the costs of administration, and for further proceedings according to law and not inconsistent with this opinion.