Kenneth BINNS *v.* Earl VICK et al

76-69                                          538 S.W. 2d 283

Opinion delivered July 6, 1976

*John Wright,* for appellant.

*Shaver, Shaver & Smith,* by: *Tom B. Smith,* for appellees.

GEORGE ROSE SMITH, Justice. The executors of the will of Pearl Vick filed this petition for a construction of its residuary clause, which reads: "All the rest and residue of my estate,

whether real, personal or mixed, I give, devise and bequeath [to] Kenneth Binns to distribute among my relatives as he sees fit." The probate court held that the testatrix intended to create a trust, but the beneficiaries were so indefinite that the attempt failed; so the residual estate passed to Miss Vick's heirs, by intestacy. For reversal Kenneth Binns contends (a) that no trust was intended, (b) that if a trust was intended it did not fail, and (c) that the bequest should be construed as an outright gift to him.

In considering the situation that existed when the testatrix made her will, we adhere to this familiar rule of law: "We must look to the will to determine the testator's intention, but in getting this view we should place ourselves where he stood, and should consider the facts which were before him in deciding what he intended by the language which he employed." *Eagle* v. *Oldham*, 116 Ark. 565, 174 S.W. 1176, 1199 (1915). Such extrinsic evidence is admitted not to show what the testator meant, as distinguished from what the words of the will express, but to show the meaning of the words that he used. *Ellsworth* v. *Ark. Nat. Bank*, 194 Ark. 1032, 109 S.W. 2d 1258 (1937).

Pearl Vick made her will a few months before she died at the age of 84, survived by a brother, two sisters, and the descendants of eight other brothers and sisters. She devised her only real property, a half interest in a house, to two nephews, A.O. Vick, Jr., and the appellant, Kenneth Binns, who were named as executors. There were a few specific bequests to others including two rings and a television set. An electric fan was left to Kenneth. According to Kenneth's candid testimony, his aunt's only other possessions were her clothes, to which the residuary clause presumably applied. What Miss Vick never knew was that she was entitled to an inheritance of about $6,000, which was paid to her estate after her death. By the petition now before us the executors of Miss Vick's will asked the probate court to determine the disposition of that money.

The trial judge's decision was right. Kenneth, in disputing his aunt's intention to create a trust, argues that since the will was drafted by an attorney, the absence of any reference to a trust shows that none was intended. Not so. It

is an elementary rule of law, doubtless known to the attorney, that a trust may be created without the use of the words "trust" or "trustee." *Thomason* v. *Phillips,* 192 Ark. 107, 90 S.W. 2d 228 (1936); *Cockrill* v. *Armstrong,* 31 Ark. 580 (1876). More important, the attorney must have expected the residuary clause to apply only to the testratrix's personal effects, such as her clothing. In the circumstances there was no occasion for him to waste time and expense in creating a formal trust.

We must, however, apply the language of the residuary clause to the situation that actually arose. Ark. Stat. Ann. § 60-409 (Repl. 1971). Laying aside the possibility of an outright gift to Kenneth, which we shall discuss in a moment, an intended trust is the most reasonable and most practical inference from the language of the will. The question then arises, what did the testatrix mean by her direction that Kenneth distribute the property "among my relatives as he sees fit"?

The word "relatives," when used in a will, is ordinarily construed in either of two ways. It may be taken to mean the testator's legal heirs, in which case the bequest is valid. Or it may be taken to mean all persons related to the testator, in which case the bequest usually fails for uncertainty. The authorities are examined in the annotation following *Hahn* v. *Bernheim,* 57 A.L.R. 1169, 82 Mont. 198, 266 Pac. 378 (1928).

Here Kenneth is not entitled to a reversal upon either interpretation. If the word "relatives" was used in its broad sense, the trust fails, as the probate judge held. If it was used in its narrow sense, Kenneth can claim no beneficial interest in the estate. He is not an heir at law of his aunt, his mother having survived her sister, the testatrix. Here it should be emphasized that there is no appeal by the testatrix's heirs or other relatives or by the co-executors of the will. Kenneth alone comes to this court, as an individual, and thus cannot prevail without showing that the judgment is pecuniarily prejudicial to him. No such showing is made.

Finally, the residuary clause cannot fairly be construed to express an intent to make an outright gift to Kenneth. The transfer of the property to Kenneth, "to distribute among my

relatives as he sees fit," is not another way of saying, "I leave all my residuary estate to Kenneth for his own benefit." There had already been a specific bequest of a fan to Kenneth. That provision would have been unnecessary had the testatrix meant for all the residuary estate to go to Kenneth. It is also argued that the testatrix's language is merely precatory, but we think it to be imperative under the reasoning of our earlier cases. See *Cockrill* v. *Armstrong, supra; Gregory* v. *Welch,* 90 Ark. 152, 118 S.W. 404 (1909).

Affirmed.

BYRD, J., dissents.