Jim BARNES, Executor *v.* Jane
Christania SEWELL

80-37                                           598 S.W. 2d 77
Supreme Court of Arkansas
Opinion delivered May 5, 1980

*Steel & Clardy*, by: *Floyd Clardy*, for appellant.

*Philip M. Clay*, for appellee.

JOHN A. FOGLEMAN, Chief Justice. The sole question on

this appeal is whether the probate judge erred in holding that a paragraph in the will of Sophina Carter was a specific, rather than a general, bequest. We find that he did not and affirm.

Mrs. Carter left an instrument dated February 7, 1977, as her will. It was offered for probate upon the petition of appellant Jim Barnes, who was named as executor by a codicil executed by Mrs. Carter on March 23, 1977. The third paragraph of the will, the one in question, provided:

> "I bequeath all monies I may possess, my checking account monies, savings account monies, Certificates of Deposits, bonds of any nature and other evidence of debt such as promissory notes, to my niece, Christania Sewell".

Christania Sewell filed a petition for abatement and contribution alleging that the executor had used the terms named in the paragraph in question to pay costs of administration and that he planned to pay all costs of administration, all claims against the estate and all estate taxes from those assets. She alleged that this action was contrary to Ark. Stat. Ann. §§ 62-2903 and 62-2904 (Repl. 1971). She prayed that no other claims or costs of administration be paid, that abatement of the various gifts be "appropriated" in accordance with the above named statutes, that an accounting be rendered to determine what monies were possessed by the decedent in the form of checking account monies, savings account monies, certificates of deposit, bonds of any nature, and other evidence of debt, such as promissory notes, that contribution in accordance with the shares of other beneficiaries be made in accordance with the above named statutes, that any amounts determined to have been wrongfully removed from the gift to the petitioner be returned to her, that she have a lien on the property of other beneficiaries of the will and that she recover her attorney's fees.

This petition was controverted by the attorney for the estate, who later withdrew, and, as the scrivener of the will,

testified as to the intention of the testatrix. After a hearing, the probate judge sustained appellee's position.

It was stipulated that all the devises and bequests in the will, except for those in the residuary clause and the paragraph in question, were specific gifts. Appellant argues that the bequest here is not a specific legacy under the following definition set out in *Holcomb* v. *Mullin*, 167 Ark. 622, 268 S.W. 32, viz:

> "A specific legacy or devise is a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other parts of the same kind, and which may be satisfied only by delivery of the particular thing."

It would be difficult to find a clause more nearly like the one in question here than that held to be a specific legacy in *Holcomb*. There the clause at issue was:

> To my dear Uncle Joe Mullin, who raised and fostered my sister and me, I give, devise and bequeath all the money I may have on deposit in any bank at the time of my death.

It is also difficult to conceive of any language that the testatrix in this case might have used which more clearly indicated her desire to bequeath to her niece, appellee here, all her money including that on deposit in checking accounts and savings accounts, whether payable on demand or after the passage of a specified time, together with all evidences of debt, such as bonds and promissory notes.

This clause is not at all comparable with the clause in question in *Goforth* v. *Goforth*, 202 Ark. 1017, 154 S.W. 2d 819, where there was a bequest of "all of my personal property of whatsoever kind and wheresoever situated, left by me at my death." In that case, we equated the language of the particular clause with the words "all the rest and residue of my personal property." We concluded that the use of the language "all of my personal property" made the bequest a residuary legacy rather than a specific one. In addition to the

definition in *Holcomb*, we relied upon textbook statements of requirements for a specific legacy, when the language relied upon is in a residuary clause. In the will of Mrs. Carter, there was a residuary clause by which she gave, devised and bequeathed "[a]ll the rest and residue of the estate, whether real, personal or mixed, of every kind and nature whatsoever and wheresoever situated, which I may now own or hereafter acquire," to her great nieces and nephews. It is quite easy to distinguish the bequest of appellee from the residue in the will before us.

Appellant argues that the bequest in this case fails to qualify as a specific legacy because it mentions no amount and refers to no particular fund. In this respect it is like the bequest in *Holcomb*, where no amount and no particular bank were mentioned.

Appellant also relies upon the testimony of the scrivener who said:

> *** I know what the will means to me, and what I intended to do, and what Mrs. Carter intended to do was to make a general grant of liquid assets and I said, "I bequest all the money I possess", and then I began to enumerate the types of money. "Checking account, savings account money, and certificates of deposit, and evidence of debt."

This testimony was proferred but not admitted by the probate judge. It was properly excluded. In *Binns* v. *Vick*, 260 Ark. 111, 538 S.W. 2d 283, relied upon by appellant, we held that extrinsic evidence is admissible in determining the testator's intention to show the meaning of the words the testator used but not to show what the testator meant as distinguished from the words of the will. The attorney in this case was not attempting to testify as to the meaning of the words used by the testatrix. He was attempting to tell the court what the testatrix meant to say as distinguished from the unambiguous words used.

The judgment of the probate court is affirmed.