Joe LASLEY *v.* BANK OF NORTHEAST ARKANSAS

CA 81-208                                      627 S.W. 2d 261

Court of Appeals of Arkansas
Opinion delivered February 3, 1982

*Penix, Penix & Mixon,* for appellant.

*Henry & Walden,* for appellee.

GEORGE K. CRACRAFT, Judge. This is an appeal from a judgment of the trial court dismissing the complaint of the appellant, Joe Lasley, against the appellee, Bank of Northeast Arkansas. In the trial court the parties waived a jury and submitted the matter to the court on the pleadings and a stipulation of facts. No oral testimony was offered.

The complaint of the appellant alleges that on the 24th of May, 1978, he entered into an agreement with DEARC Steel Products under which he was to purchase from DEARC, and DEARC was to construct, certain grain storage bins upon his property. It was alleged that the agreement was contingent upon the appellant's acquiring the approval of a loan from the Agricultural Stabilization and Conservation Service. It alleged further that the plaintiff drew a check on its account in the First National Bank of Conway in the amount of $2,863.50 payable to the Bank of Northeast Arkansas for the purpose of placing this money in the hands of a third party until the financing arrangements had been completed. The ASCA Office did not approve the loan. The complaint further alleged that upon failure to obtain the necessary approval the appellant made demand upon the appellee for the return of the money, and prays judgment against the appellee for the unlawful conversion of the deposit. Attached to the complaint was a copy of the check in question made payable to the appellee and containing a notation "for DEARC Steel Products, hold for ASCS approval."

The appellee answered denying all of those allegations and asserting that it was a holder in due course of the check, was not a party to any agreement between DEARC Steel Products and had no notice of any such agreement. It further contended that the check was negotiated for value, denied that the writings set out on the check were restrictions which applied to it and prayed that the plaintiff's complaint be dismissed.

The stipulation of facts set out the proposed purchase and sale between the appellant and appellee, that it was contingent upon the approval of the loan from the ASCS, that the Bank of Northeast Arkansas was never a party to this agreement, had no knowledge of and was never informed of said agreement. It was further stipulated that the appellant issued the check drawn on the First National Bank of Conway payable to the Bank of Northeast Arkansas and delivered the check to DEARC's representative "without any agreement or knowledge by the Bank of Northeast Arkansas." It further stated that the check was presented to the appellee Bank by DEARC Steel with directions to deposit that check in its account. The check was deposited into the account of DEARC Steel Products and was honored by the First National Bank of Conway on which it was drawn. The parties stipulated that the ASCS approval was never obtained. They further stipulated that DEARC presented the check to the Bank of Northeast Arkansas for deposit to the account of DEARC, it was handed to the bank for that purpose and the proceeds thereof were credited to the checking account of DEARC Steel. DEARC dispersed all of the funds in checks drawn by it on that account. It was further stipulated that the appellee Bank never listed the proceeds of the check in its assets but gave immediate credit to DEARC, who received all of the proceeds therefrom. They stipulated that at all times in issue the appellant was in no way indebted to the Bank of Northeast Arkansas, and that appellee Bank was not notified until October 15, 1978 of any irregularity in the handling of the check.

It was further agreed that it was a "very common occurrence" for depositors of checking accounts to present to the Bank of Northeast Arkansas for deposit in their accounts checks made payable to the bank, that this was done in this case, and was pursuant to a "very common occurrence in the banking business."

The theory of recovery advanced in the complaint of the plaintiff — that the check in question was made payable to the Bank of Northeast Arkansas for the purpose of placing the proceeds in the hands of a third party until the financial arrangements with ASCS had been completed — was based

on a well established exception to our rule that a general deposit of monies in a bank merely creates the relationship of a debtor and creditor between the bank and the depositor. However, if the money is placed in a bank for the purpose of safekeeping or on an understanding that the bank shall act as bailee or deliver the money under certain circumstances or to apply it to special purposes, or where the deposit is made under circumstances such as to give rise to a necessary implication that it was for such purposes, the deposit is a special deposit and the bank is merely an agent or bailee with no right to use, dispose or permit a disposition of the deposit except pursuant to the terms of the agreement. *Covey v. Cannon,* 104 Ark. 550, 149 S.W. 514 (1912).

It is axiomatic that one cannot be held liable as an escrow agent or trustee unless he has expressly, or by necessary implication, agreed to act as such and is aware of the terms under which the deposit has been made and the conditions upon which it may be released. The stipulation of facts in this case falls far short of bringing that exception into play. The stipulation does not show that the bank agreed that the check was to be held by it for the purpose of furthering a transaction between appellant and DEARC or that it had notice of any special facts concerning the check which would place it on notice of any such agreement. The stipulation expressly states that the appellee-bank was never a party to, had no knowledge of, nor was ever informed of such an agreement between the parties to that check. The stipulation is silent as to the purpose for which the check was issued or what use the parties intended should be made of it.

The appellant contends further that the notation placed on the check "for DEARC Steel Products, hold for ASCS approval" was sufficient to place the bank on inquiry as to the reason the check was delivered to it and that it was bound by all knowledge that such an inquiry would have disclosed. Even if the notation had that effect, there is nothing in the stipulation of the parties showing that such an inquiry would have disclosed a restriction upon the deposit or that it was intended to be held by the bank for any other special purpose.

We also note from the stipulation that it was a common occurrence, not only in appellee-bank but the banking business as a whole, for such a check to be deposited to the account of DEARC Steel Products.

. While no cases from our own courts have been brought to our attention, we find the proper rule to be that when a case is submitted to the court solely upon an agreed statement of fact the burden is on the party seeking to recover to show his right from the facts agreed upon and he should not be heard to claim that there are other facts which the court should or may presume. 83 C.J.S. 67, *Stipulations* § 25.

We affirm.