Susan Lynn CLEAVES *v.* James Raymond PARKER
and John Edward Parker

CA 05-130 217 S.W.3d 136

Court of Appeals of Arkansas
Opinion delivered November 16, 2005

Catlett & Stodola, P.L.C., by: S. Graham Catlett and Paul Charton, for appellant.

Stephen W. Tedder, for appellee John Edward Parker.

Ralph G. Brodie & Associates, Ltd., by: Ralph G. Brodie and Michael K. Cornett, for appellee James Raymond Parker Jr.

DAVID M. GLOVER, Judge. Jack Parker, the testator, left a holographic will when he died. Appellant, Susan Cleaves, lived with the testator at the time of his death and was named as a beneficiary in the will. Appellees James Parker and John Parker were the testator's brothers. James was named as executor of the will, and John was a beneficiary under the will. The only portion of the will at issue in this appeal is the final devise. The trial court found that Mr. Parker's chosen language was ambiguous, and after hearing testimony about surrounding circumstances, found that the final provision was a specific, rather than a residuary, devise. The effect of this finding resulted in a *pro rata* sharing of expenses among the beneficiaries, rather than paying the expenses out of what appellant contends was a residuary devise to appellee John Parker. We reverse and remand.

## Standard of Review

Probate cases are reviewed *de novo* on the record. *Balletti v. Muldoon*, 67 Ark. App. 25, 991 S.W.2d 633 (1999). However, an order of the probate court will not be reversed unless clearly erroneous. *Id.* Clearly erroneous means that, although there is evidence to support the court's findings, the appellate court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

## The holographic will

Mr. Parker's two-page holographic will is reproduced in full as follows:

will ... 12/10/02
2003 JUL 31 PH 200<u>5</u>-1201
CIRCUIT-COUNTY CLERK

WILLS
BOOK: 41
PAGE: 772

<u>I</u>, JACK ALAN PARKER DO HEREBY LEAVE MY WORLDLY POSSESSIONS AS FOLLOWS :

MY HOME IN LITTLE ROCK (DOYLES PLACE) 3929 N. LOOKOUT, TO SUSAN CLEAVES ALONG WITH ALL CONTENTS OF THE HOME, WITH THE EXCEPTION OF MY FIREARMS COLLECTION.

FIREARMS : (See Serial # LIST IN SAFE)
HK·91
AR-15
AK·47
UZI (full Auto — MUST BE LEGALLY TRANSFERED
 as is a class III WEAPON. check
 state Regulations)
SKS
L.C. SMITH IMI 44 MAG D.E.
M 1300 WIN 12 GA. .38 colt Diamondback
MAC 11·9mm
RUGER MKII .22 RF
SW M.## 17.22 RF Revolver 6"
SW M·29 .44 MAG 6"
.45 S.A.
.40 cal Glock M 23
.40 cal HK USP COMPACT
? 9mm Barretta 92 FS
? 9mm SIG Sauer ##
AMT .380 Add. 1
 OCT 14

TO MY BROTHER JOHN E. PARKER

My LANDCRUISER FJ-40 GOES To Nephew Riley IF he Wants IT, otherwise to Susan Cleaves

My Tacoma 4WD Goes to Susan Cleaves

My Life insurance policy (~$500 redeem value — and ~ 20k death payment) Goes to Susan Cleaves

All The remaining monitary Assets Go to my Brother John to do with + as he sees fit.

JACK ALAN PARKER

12/10/02

Add. 2

As earlier stated, the devise that is at issue in this case appears at the very end of the will, just above Mr. Parker's name and the date. The devise provides: "All the remaining monetary assets go to my Brother John to do with as he sees fit." Appellant contends that the trial court erred in holding that this devise was specific rather than residuary. We agree.

In the interpretation of wills, the paramount principle is that the intent of the testator governs. *Metzgar v. Rodgers*, 83 Ark. App. 354, 128 S.W.3d 5 (2003). The testator's intent is to be gathered from the four corners of the instrument itself. *Id.* However, extrinsic evidence may be received on the issue of the testator's intent if the terms of the will are ambiguous. *Id.* An ambiguity has been defined as an indistinctness or uncertainty of meaning of an expression in a written instrument. *Id.* The apparent meaning of particular words, phrases, or provisions in a will should be harmonized, if possible, to such scheme, plan, or dominant purpose that appears to have been the intention of the testator. *Id.* When the words of one part of a will are capable of a two-fold construction, the construction that is most consistent with the intention of the testator, as ascertained from other portions of the will, should be adopted. *Id.*

In *Harrison v. Harrison*, 82 Ark. App. 521, 526, 120 S.W.3d 144, 147 (2003), we explained the court's role:

> The function of a court in dealing with a will is purely judicial; and its sole duty and its only power in the premises is to construe and enforce the will, not to make for the testator another will which might appear to the court more equitable or more in accordance with what the court might believe to have been the testator's unexpressed intentions. "The appellants are correct in the statement that the purpose of construction is to arrive at the intention of the testator; but that intention is not that which existed in the mind of the testator, but that which is expressed by the language of the will." *Jackson v. Robinson*, 195 Ark. 431, 112 S.W.2d 417, 418.

Examining the four corners of Mr. Parker's holographic will, we find no ambiguity in the devise in question, and we hold that it is residuary in nature. *Black's Law Dictionary* defines "residuary devise" as a "devise of the remainder of the testator's property left after other specific devises are taken." *Id.*, page 484 (8th ed. 2004). "The 'residue' of an estate is that which remains after the payment of all costs, debts, and particular legacies."

*Goforth v. Goforth*, 202 Ark. 1017, 1023, 154 S.W.2d 819, 822 (1941). On the other hand, a specific legacy or devise is a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other parts of the same kind, and which may be satisfied only by delivery of the particular thing. *Goforth, supra.*

> "The mere enumeration of property in a residuary clause of a will in general terms does not constitute the legacy or devise a specific one. There must be something in connection with the enumeration of property to show that the testator's intention was to make the devise or legacy a specific one before the courts will so declare it." ... "The general rule is that an enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles unless they are designated in such a way as to differentiate them from the residue. A bequest of all of a man's property is residuary and not a specific legacy, since its import is the same as expressed by the words, 'rest and residue.' "

202 Ark. at 1022, 154 S.W.2d at 822. The *Goforth* court affirmed the trial court's finding that the following devise was general, or residuary, rather than specific in nature: "I bequeath to my beloved son, Walter Goforth, all of my personal property of whatsoever kind and wheresoever situated left by me at my death."

Here, appellant contends that the devise should be construed to give effect to each of the three essential words. That is, that Mr. Parker intended to devise his remaining assets, which just happened to be "monetary" in nature. We agree. In addition, in the context of Mr. Parker's will, the phrase "remaining monetary assets" does not contain the necessary language of specificity for it to be a specific devise. The devise is immediately preceded by a devise of $20,000 in life insurance proceeds, which, although ineffective, nevertheless tends to explain Mr. Parker's use of the word "monetary" in the devise in question. Further, the devise is placed at the end of the will where residuary clauses are normally placed. Mr. Parker's use of the word "remaining" is certainly residuary in nature. Also, with respect to the other devises in the two-page holographic instrument, all of which were specific, Mr. Parker repeatedly used the word "my," yet did not use that possessory word in the devise in question.

In light of our interpretation of Mr. Parker's holographic will, we also hold that the trial court erred in concluding that the

estate's expenses should be shared on a *pro rata* basis by all of the beneficiaries. *See* Ark. Code Ann. § 28-53-107 (Repl. 2004) (abatement statute).

For her second point of appeal, appellant challenges the trial court's award of fees to the executor. However, this point was presented as an alternative point of appeal, to be addressed only if the trial court's interpretation of the will were affirmed. Because we are reversing the trial court on the first point of appeal, it is not necessary for us to address appellant's second point of appeal.

We reverse and remand this case to the trial court to enter an order consistent with this opinion.

Reversed and remanded.

ROBBINS, BIRD, GRIFFEN, and BAKER, JJ., agree.

PITTMAN, C.J., GLADWIN, CRABTREE, and ROAF, JJ., dissent.

ROBERT J. GLADWIN, Judge, dissenting. In reversing the trial court, the majority has completely ignored the basic rules of English and has determined that the word "monetary" has no meaning in this holographic will. It has also ignored our standard of review for probate cases. For these reasons, I dissent.

At issue in this case is the devise that provides, "All the remaining monetary assets go to my brother John to do with as he sees fit." The trial court found this final devise to be ambiguous and allowed evidence of the decedent's intent to determine whether the devise was specific or residuary. The trial court made the following findings of fact: 1) that the funds in question were inherited funds; 2) that the decedent protected those funds, neither permitting invasion, sale, distribution nor transfer during his lifetime; 3) that decedent did not comingle the funds with those of the distributee, Susan Lynn Cleaves; 4) that distributee Susan Lynn Cleaves and decedent shared household expenses; 5) that it was not unreasonable to assume decedent would intend to have those funds remain in the family; 6) that the term "monetary" was meant to cover the decedent's liquid funds as described in the February 26, 2004 order. The court therefore found the clause in question to be a specific devise.

Probate cases are reviewed de novo on the record. *Balletti v. Muldoon*, 67 Ark. App. 25, 991 S.W.2d 633 (1999). However, an order of the probate court will not be reversed unless it is clearly

erroneous. *Id.* We defer to the superior position of the chancellor to judge the credibility of the witnesses. *Noland v. Noland,* 330 Ark. 660, 956 S.W.2d 173 (1997). The function of the court in dealing with a will is purely judicial; and its only power in the premises is to construe and enforce the will, not to make for the testator another will which might appear to the court more equitable or more in accordance with what the court might believe to have been the testator's unexpressed intentions. *Jackson v. Robinson,* 195 Ark. 431, 112 S.W.2d 417 (1938).

The majority holds that the devise in question is not ambiguous and is residuary in nature. The majority goes on to state that the clause in question "remaining monetary assets" does not contain the "necessary language of specificity" for it to be a specific devise. However, it does not explain what "necessary language of specificity" would be sufficient. The majority totally fails to explain how the trial court's ruling is clearly erroneous after giving deference to the trial court's superior position to make findings of fact.

A rudimentary review of elementary English will show that the majority has determined that the word "monetary" has no meaning in this will. "All the remaining monetary assets" is a subject phrase with assets being the subject. The assets are modified by the words "all the remaining" that describe which assets go to the brother, John. If this were the entire phrase, then it would be residuary, and the majority's analysis would be correct. However, the decedent did not give John all the remaining assets. The decedent gave all the remaining *monetary* assets. "Monetary" is a word of limitation describing which remaining assets go to John.

Webster's 3rd International Dictionary defines "monetary" as "of or relating to money or to the instrumentalities and organization by which money is supplied to the economy." Webster's II New College Dictionary defines "monetary" as "of or relating to money or its means of circulation." Given these definitions, I fail to see how the trial court was clearly erroneous in finding that the term "monetary" was meant to cover the decedent's liquid funds. The majority seems to actually bolster this argument by stating that the devise immediately preceding the devise in question "tends to explain Mr. Parker's use of the word 'monetary'." In that devise, the decedent stated "my life insurance policy ($500) redeme (sic) value – and – 20K death payment ? goes to Susan Cleaves." If the majority is insinuating that a life insurance policy is a monetary asset, then monetary assets would surely

include those assets that the trial court found to be liquid funds, and not the entire remaining estate.

The majority further states that the clause is residuary because it is at the end of the will, yet it cites no law to support the proposition that the final devise must be residuary. While I agree that many residuary clauses tend to appear at the end of wills, it is by no means presumed that a final devise of a will must be residuary. Further, I fail to see the importance of the decedent's use of the word "my" in the other devises. "My" is simply a possessive pronoun, and there is no question that all the remaining monetary assets belonged to the decedent also. Therefore, the use of the word "my" is of no legal import at all.

Given that I believe "all the remaining monetary assets" means something less than all remaining assets, I would hold that the devise of the decedent's will is a specific devise. Therefore, I would further hold that the trial court was not clearly erroneous and would affirm.

PITTMAN, C.J., and CRABTREE, J., join.

ANDREE LAYTON ROAF, Judge, dissenting. I would affirm the trial court because I believe the devise at issue is a general devise, and because the appellant did not make this argument to the trial court, nor does she raise it on appeal.

A specific legacy, as defined in *Holcomb v. Mullin*, 167 Ark. 622, 268 S.W. 32 (1925), is a "gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other parts of the same kind, and which may be satisfied only by the delivery of the particular thing." The devise at issue in the present case is worded as follows: "All the remaining monetary assets go to my Brother John to do with as he sees fit." Jack Parker, the testator, did not distinguish any funds he might own from the rest of his monetary assets. Here, he used the general term "monetary assets" and did not list any funds or accounts that this money might possibly come from. *See Barnes v. Sewell*, 269 Ark. 1, 598 S.W.2d 77 (1980) (holding that will paragraph in which testatrix bequeathed "all monies I may possess, my checking account monies, savings account monies, Certificates of Deposits, bonds of any nature and other evidence of debt such as promissory notes" was a specific rather than general bequest despite the contention that the bequest mentioned no amount and referred to no particular fund). Jack knew that he owned certain funds and

could have listed the funds and account numbers in his will. If Jack had referred to his "remaining monetary assets" and then listed out what funds and accounts he wished this money to come from, then it would have clearly been a specific devise. Here, the devise is only a general one because Jack did not even hint as to what these "monetary assets" were and, he, in no way, attempted to distinguish certain monetary assets from others.

This case is confusing, however, because the parties have framed the issue in terms of specific devises versus residual devises when the issue is whether this is a specific devise or a general devise. According to the parties in this case, if it is not residual, then it is specific. This is not a correct statement of the law, because a devise can be properly classified as a general devise and *neither* a residual *nor* a specific devise.

According to the Arkansas abatement statute, the order of abatement is as follows:

(1) Property not disposed of by the will;

(2) Property devised to the residuary devisee;

(3) Property disposed of by the will but not specifically devised and not devised to the residuary devisee; and

(4) Property specifically devised.

Ark. Code Ann. § 28-53-107 (Repl. 2004). The trial court found that the appellee John's devise falls into category (4) along with appellant's devise, so that the two devises abate equally. However, John's devise instead falls into category (3), which is "[p]roperty disposed of by the will but not specifically devised and not devised to the residuary devisee." This means that the property of the devise at issue in the present case would abate before any property specifically devised. John's bequest of monies therefore would abate before appellant's specific bequest of the house.

The language of Ark. Code Ann. § 28-53-107(b)(1) further sheds some light on the issue. It states, "A general devise charged on any specific property or fund, for purpose of abatement, shall be deemed property specifically devised to the extent of the value of the thing on which it is charged." This language clearly demonstrates that the "general devise" category (Category 3 in the

statute) clearly exists. It also supports the argument that general devises of money not charged on a specific property or fund are deemed general devises and *not* specific devises. In the present case, the decedent did not charge his general devise of money on any specific property or fund.

Finally, the trial court is correct in that the devise at issue is certainly not a residual devise. The appellant, however, has not argued that the bequest is a general devise, but rather that it is a residuary devise. We can affirm a trial court if it reaches the right result for the wrong reason *Middleton v. Lockhart*, 355 Ark. 434, 139 W.W.3d 500 (2003); *Moore Inv. Co., Inc. v. Mitchell*, 91 Ark. App. 102, 208 S.W.3d 803 (2005). However, we do not reverse a trial court where, as in the case before us, an argument is raised neither below nor on appeal. *Crockett v. Essex*, 341 Ark. 558, 19 S.W.3d 585 (2000); *Sheets v. Dollarway Sch. Dist.*, 82 Ark. App. 539, 120 S.W.3d 119 (2003); *McGuire v. Smith*, 58 Ark. App. 68, 946 S.W.2d 717 (1997). We should not do so in this case.