Elda Dill McMILLON and Nelda Dill Guffey, et al. *v.*
LOST CHEROKEE of ARKANSAS and MISSOURI, INC.

CA 07-670                                      279 S.W.3d 508

Court of Appeals of Arkansas
Opinion delivered March 12, 2008

*Brazil, Adlong & Winningham, PLC,* by: *Caroline L. Winningham,* for appellant.

*Patterson Law Firm, P.A.,* by: *Jerry D. Patterson,* for appellee.

KAREN R. BAKER, Judge. This appeal arises from a petition to clarify a will filed by First State Bank in which it asked the court to clarify several issues, including whether the references in the will of Opal Gefon to "savings and checking account" and "remainder of my savings and checking" included the cash located in the decedent's safety deposit box. Appellants, heirs of the decedent Opal Gefon, assert only one point of error on appeal: The trial court was clearly erroneous in finding that appellee Lost Cherokee of Arkansas and Missouri, Inc., was entitled to the $226,000 in cash located in the decedent's safety deposit box at the time of her death. We find no error and affirm.

The decedent, Opal Gefon, died on November 9, 2005. On November 21, 2005, Arthur Gruner filed a petition to probate a typewritten will properly witnessed and executed on the date of May 6, 2005. This instrument designated Mr. Gruner as the executor of Ms. Gefon's will. On December 12, 2005, Darlene Johnson, a great-niece of Ms. Gefon, filed a contest of the May 6 instrument claiming that there had been a holographic will executed after the typewritten will had been executed and that she possessed a note revoking the May 6 will. This holographic instrument was dated October 19, 2005. Ms. Johnson also filed a petition to probate this holographic will. On March 6, 2006, the court admitted the October 19, 2005 holographic will; however, this document nominated the Governor of Michigan to serve as executor. The trial court noted that the Governor declined to serve, and the court substituted First Security Bank as the executor of Ms. Gefon's estate. On October 6, 2006, First Security Bank filed the petition to clarify the will. On January 7, 2007, a hearing was held and on March 23, 2007, the order appealed from was entered. A notice of appeal was timely filed.

In presenting its petition to the court, the Bank acknowledged two provisions in need of clarification. One provision used the words "savings and checking account" in the First Team Bank in Heber Springs to the Lost Cherokee of Arkansas and Missouri, Inc.; and another, on page four of the Will, referred to "the remainder of my savings and checking to the Native American Indians." In its petition, the Bank also noted that the decedent owned the following intangible personal property at the time of her death: (1) First Arkansas Bank and Trust (checking) – $4022.70; (2) First Arkansas Bank and Trust (savings) – $201,023.63; (3) Cash from Safety Deposit Box at First Arkansas Bank and Trust – $226,000.

Following a hearing, the court entered a March 23, 2007 order in which it found that the decedent intended that the $226,000 in cash located in her safety deposit box at the time of her death was part of her "savings" so that the references to "savings and checking account" and "remainder of my savings and checking" in the will included the $226,000 in cash. The court further found that the phrase "remainder of my savings and checking" was a residual clause with respect to those funds, and that after any specific bequests were made, the remaining amounts were to be distributed to the Lost Cherokee of Arkansas and Missouri, Inc.

In finding that the testator intended for the term "Native American Indians" to refer to the Lost Cherokee of Arkansas and Missouri, Inc., the trial court noted that nowhere in decedent's will was there any mention of any other American Indians and that the term "Native American Indians" in the last page of the decedent's will referred back to the earlier-used term "Lost Cherokee of Arkansas and Missouri, Inc."; accordingly, the Court found that the Lost Cherokee of Arkansas and Missouri, Inc., was the intended beneficiary of the remainder of the decedent's savings and checking, as well as the intended beneficiary of the property the decedent described. The trial court further found that the phrase "remainders of my savings and checking" was a residual clause referring to and including the funds in the deposit box and the accounts. Furthermore, that after payment of specific bequests were made, the remaining amounts were intended to go to the Lost Cherokee of Arkansas and Missouri, Inc.[1]

---

[1] While the dissent insists that the trial court's determination that the testator's reference to "savings" must be modifying a type of account held at the bank, we find nothing

██ Probate proceedings are reviewed de novo on the record, but the decision of the circuit court will not be reversed unless it is clearly erroneous. *See Bullock v. Barnes*, 366 Ark. 444, 236 S.W.3d 498 (2006); *Craig v. Carrigo*, 353 Ark. 761, 121 S.W.3d 154 (2003). In conducting our review, we give due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Bullock, supra.* When interpreting wills, the paramount principle we follow is that the intent of the testator governs. *See Cleaves v. Parker*, 93 Ark. App. 150, 217 S.W.3d 136 (2005). The testator's intent is to be gathered from the four corners of the instrument itself. *Id.* However, extrinsic evidence may be received on the issue of the testator's intent if the terms of the will are ambiguous.[2] *Id.* An ambiguity has been defined as an indistinctness or uncertainty of meaning of an expression in a written instrument. *Id.* The apparent meaning of particular words, phrases, or provisions in a will should be harmonized, if possible, to such scheme, plan, or dominant purpose that appears to have been the intention of the testator. *Id.*

Given our standard of review, we find no error in the trial court's interpretation of the will's directives and finding as to the testator's intent. Accordingly, we affirm.

GLOVER, VAUGHT, and MILLER, JJ., agree.

PITTMAN, C.J., and GRIFFEN, J., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. The majority affirms the trial court's decision that the phrases "checking and savings account" and "remainder of my savings and checking" in a holographic will included $226,000 in cash that was stored in the testator's safe-deposit box. I would reverse because those phrases can only be reasonably interpreted to dispose of the contents of the testator's banking *accounts* and because the trial court's interpretation of the provisions of the will runs contrary to Arkansas law defining "safe-deposit box" and "account."

---

inconsistent with the judge's determination that the testator intended for "savings" to encompass more than the reference to "account" in her use of "checking account" in the construction of the will.

[2] No evidence suggests that the testator was relying on our legislature's statutory definitions of account as defined in our banking code when selecting the language she used in disposing of her property.

The testator had a checking account valued at $4,022.70, and a savings account with the same bank, valued at $201,203.63. She also had a safe-deposit box at that bank, in which she kept $226,000 in cash. Her holographic will stated, in part: "I give and bequeath *my savings and checking account* in the First Team Bank in Heber Springs to the Lost Cherokee of Arkansas and Missouri, Inc." (Emphasis added.) In a subsequent paragraph, the testator bequeathed "the *remainder of my savings and checking* to the Native American Indians." (Emphasis added.) The trial court determined that the testator meant for cash in the safe-deposit box to be included as part of her "savings" and did not intend for the word "savings" to refer only to "accounts."

I disagree. Although the testator in this case did not use the word "account" in the residual clause granting the remainder of her "savings and checking" to appellee, she did use the word "account" in the first clause. Inexplicably, the trial court and the majority concluded that appellee is the intended beneficiary under the residual clause *by referring back to the previous bequest that specifically names appellee,* but failed to refer back to the *same* bequest to determine what is meant by the phrase "savings and checking" in the residual clause. Thus, the only reasonable interpretation is that the phrase "savings and checking" in the residual clause refers *back to* the phrase "savings and checking *account*" in the prior clause — otherwise the phrase "savings and checking" in the residual clause remains unidentified or unspecified.

In the absence of any extrinsic evidence supporting that the testator considered the cash in her safe-deposit box to be part of her "savings," and because there appears to be no Arkansas case law on point, this court should rely on the terms "account" and "safe-deposit box" as defined under Arkansas law — and under Arkansas law, the former does not encompass the latter. "Accounts" and "safe-deposit boxes" are different creatures under Arkansas law, and a different relationship arises between the bank and its customer with regard to each. A "safe-deposit box" means a safe, box, or other receptacle for the safekeeping of property that is located on a bank's premises and leased by the bank to a lessee. *See* Ark. Code Ann. § 23-45-102(a)(37) (Supp. 2007). The type of relationship created by the leasing of a safe-deposit box is a mutual bailment. *See Farmers Bank of Greenwood v. Perry,* 301 Ark. 547, 787 S.W.2d 645 (1990).

By contrast, an "account" is any deposit or credit account with a bank, including a demand, time, savings, passbook, share

draft, *or like account,* other than an account evidenced by a certificate of deposit. *See* Ark. Code Ann. § 4-4-104(a)(1) (Supp. 2007). (Emphasis added.) Depositing money into an account creates a debtor-creditor relationship between the bank and the customer, and title to the money in the account passes to the bank, to mix with the use of its own funds. *See Polk v. Garrison,* 162 Ark. 624, 258 S.W. 631 (1924); *Lasley v. Bank of Ne. Ark.,* 4 Ark. App. 42, 627 S.W.2d 261 (1982). Thus, a safe-deposit box is not an "account" under Arkansas law because it is not "like" a deposit or savings account, or any other type of account included in the definition of "account." *See, e.g., In Re Schmidt's Estate,* 134 A.2d 810 (N.J. Super. Ct. App. Div. 1957) (determining that the phrase "any cash in any bank account or bank accounts" as used in a will did not include $24,000 cash held in the testator's safe-deposit box).

Simply put, because the will in this case did not dispose of the contents of the safe-deposit box, appellants, as the intestate heirs, are entitled to the cash contained in the box. *See* Ark. Code Ann. § 28-26-103 (Repl. 2004). Accordingly, I would reverse the trial court's order. I am authorized to state that Chief Judge Pittman joins this dissent.