Thomas GOLDSBY, Jr., Sandra Goldsby, and Mid-South Mortgage Company *v.* Lindsey FAIRLEY

92-13                                                        831 S.W.2d 142

Supreme Court of Arkansas
Opinion delivered May 18, 1992

*Butler, Hickey & Long,* by: *Fletcher Long, Jr.,* for appellants.

*Snellgrove, Laser, Langley & Lovett*, by: *Glenn Lovett, Jr.,* for appellee.

TOM GLAZE, Justice. This appeal involves the procedural

question of whether the appellants' cause of action against appellee for attorney negligence was barred by the three-year statute of limitations. The trial court granted attorney Lindsey Fairley's motion for summary judgment on the basis that the appellants' cause of action was barred by the statute of limitations. Appellants argue that the trial court erred in holding that the attorney's negligence accrued at the time of the negligent act and in holding that appellants' initial chancery action had not tolled the running of the statute of limitations. We affirm the summary judgement.

The following facts are relevant. Appellants Thomas and Sandra Goldsby owned certain lands in St. Francis County which were mortgaged to the Equitable Life Insurance Society of the Unites States (Equitable). In 1978, the Goldsbys contacted Fairley to handle the selling of this land. The land was sold in three different parcels to a corporation, Triple G. Investments. Attorney Fairley prepared warranty deeds on two of the parcels on March 1, 1979, and a warranty deed for the third parcel on June 2, 1980. The Goldsbys allege that Fairley represented to them that they had a first lien on the lands and that the first mortgage in favor of Equitable had been released.

In 1985, Thomas Goldsby wanted to liquidate his interest in the note and had a real estate agent, Robert McGinnis' check with Fairley to make sure he had good title. On January 21, 1985, Fairley wrote McGinnis a letter reflecting that title in all three parcels was vested in Triple G Investments; his letter made no mention of Equitable's mortgage. Thomas Goldsby then worked out a deal with First Commercial Bank where Goldsby would assign the Triple G note to First Commercial in complete satisfaction of indebtedness in the amount of $439,131.00. Before the deal was closed, First Commercial discovered that Equitable had a first lien on the lands and backed out of the deal. Equitable then filed a foreclosure complaint against Triple G and the Goldsbys in St. Francis Chancery Court. On June 19, 1987, the Goldsbys filed a third-party complaint against Fairley, alleging attorney malpractice. This third-party complaint was dismissed without prejudice on May 27, 1988. On September 19, 1988, the Goldsbys filed an action against Fairley in the Crittenden County Circuit Court, and the trial judge ruled that this action was barred by the statute of limitations.

■ Undisputedly, the three-year statute of limitations applies to actions against attorneys for negligence. Ark. Code Ann. § 16-56-105 (1987). The question is when did the Goldsbys' cause of action accrue. Appellants contend that their cause of action accrued in December 1985 because that is when they sustained damages from Fairley's negligence. In other words, appellants had a deal with First Commercial based upon Fairley's January 21, 1985 "title opinion letter," but the deal fell through in December 1985 when the bank discovered Equitable's lien on the lands.

■ Some jurisdictions apply the "date of injury" rule when determining when a cause of action for attorney negligence accrues. *See generally* Note, *Professional Malpractice — Limitation of Actions*, 13 UALR L. J. 115 (1990); 7 Am. Jur. 2d *Attorneys At Law* § 221 (1980). But, since 1877, it has been the law in Arkansas that the statute of limitations in an action against an attorney for negligence begins to run, in the absence of concealment of the wrong, when the negligence occurs, not when it is discovered by the client. *Chapman* v. *Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991); *Riggs* v. *Thomas*, 283 Ark. 148, 671 S.W.2d 756 (1984). While this court has noted that other jurisdictions use different approaches in determining when the cause of action accrues, we have stated that if such a marked change is to be made in the interpretation of statutes that have long been the law, it should be done prospectively by the legislature and not retrospectively by the courts. *Riggs*, 283 Ark. 148, 671 S.W.2d 756.

Appellants rely on language contained in *Stroud* v. *Ryan*, 297 Ark. 472, 763 S.W.2d 76 (1989), to suggest that this court has recognized the "date of injury" approach. We thoroughly disagree. In that case, Stroud's attorney failed to file his client's response to a writ of garnishment, and as a result, Stroud was held liable on the garnishment by default judgment. However, upon Stroud's attorney's motion, the default judgment was set aside *nunc pro tunc* by court order dated December 4, 1984. This order was in effect until it was reversed by the court of appeals on February 19, 1986, at which time the judgment creditor sought execution of the default judgment. Stroud subsequently filed a legal malpractice action against his attorney on December 18, 1986. While we recognized the rule that the statute of limitations

begins to run when the act of malpractice occurs, we held that the running of the statute of limitations was tolled when the default judgment was set aside because during that time Stroud had *no malpractice claim* against his attorney and therefore could show no injury.

▮ In the present case, appellants' cause of action for malpractice against their attorney accrued in 1980 and never ceased. In other words, unlike in *Stroud*, the appellants were not prevented for a period of time from beginning their cause of action against their attorney. Thus, we conclude that *Stroud* is not applicable to the present facts and does not stand for the proposition that Arkansas has adopted the "date of injury" approach to determining when a cause of action for attorney negligence accrues. Under the facts of this case, we conclude the cause of action for attorney malpractice against Fairley accrued in March of 1979 and June of 1980, when he first warranted good title in the properties, indicating Equitable had no lien interest in them.

Even if we accepted appellants' suggestion that the January 21, 1985 date of Fairley's "title opinion letter" started the running of the three-year statute of limitations, their cause of action is still barred. In sum, the appellants' third-party complaint filed on June 19, 1987 never mentioned Fairley's letter, nor their theory that Fairley's negligence accrued in 1985.

▮▮ In making a determination on application of statute of limitations, the court looks to the complaint itself. *O'Bryant* v. *Horn*, 297 Ark. 617, 764 S.W.2d 445 (1989). Arkansas is a fact pleading state; we do not recognize notice pleadings. *Dunlap* v. *McCarty*, 284 Ark. 5, 678 S.W.2d 361 (1984). For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all averments of material matter. ARCP Rule 9(f). In addition, pleadings are to be drafted in such a manner as to give a party fair notice of what the claims and the grounds upon which it is based. ARCP Rule 8; Newbern, *Arkansas Civil Practice and Procedure*, § 8-2 (1985).

▮ In appellants' 1987 third-party complaint, the dates March 1979 and June 1980 are mentioned but not the January 21, 1985 date. Without the 1985 date, the complaint and its cause of action filed in 1987 was well outside three years after the

negligence occurred in 1980. Fairley's January 21, 1985 letter was never mentioned until appellants filed their new complaint in circuit court on September 19, 1988. Under the theory of their second complaint, appellants' cause of action was again outside the period of limitations by about eight months.

We briefly mention the appellants' suggestion that the savings statute, Ark. Code Ann. § 16-56-126 (1987), is relevant to this case. The savings statute plainly provides that the action must be commenced within the time limits of the statutes of limitations. Since the appellants' action was not brought within the three-year statute of limitations, the savings statute is inapplicable.

For the reasons stated above, we affirm.