Christine RAGAR *v.* R.J. BROWN and
Crockett and Brown

96-1202 964 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered March 12, 1998

216

*Sloan, Rubens & Peeples,* by: *Kent J. Rubens;* and *Timothy O. Dudley,* for appellant.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *R. Kenny McCulloch,* for appellees.

DONALD L. CORBIN, Justice. Appellant Christine Ragar appeals the summary judgment granted in a legal malpractice case she brought against Appellees R.J. Brown, and Crockett and Brown, a law firm in which Brown is a partner. The Pulaski County Circuit Court rendered judgment in favor of Appellees on the basis that the three-year statute of limitations barred the action. Jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(15) and (17), as this case presents questions on the law of torts and is of significant public interest. Additionally, Appellant argues that this court should overrule precedent dating from 1877.

Appellant raises two points on appeal. First, she argues that the trial court erred by granting summary judgment on her legal malpractice claim. Second, she argues that the trial court erred by ruling that the statute of limitations barred her claim for breach of fiduciary duty. We hold that the trial court correctly ruled that the three-year statute of limitations barred Appellant's claims and affirm the grant of summary judgment for both claims. We further uphold the occurrence rule for determining the date of accrual for legal malpractice claims.

The parties do not dispute the facts and dates of the underlying case or the procedural history of the legal malpractice action. In 1991, Appellees represented Appellant in filing her Chapter Thirteen bankruptcy petition. In the course of the 1991 representation, Appellees advised Appellant to transfer a parcel of real property to them to be held in trust in order to secure payment for their legal fees. Appellant conveyed her property, which consisted of real estate located on Shackleford Road in Little Rock, to Appellees before filing the voluntary petition on June 19, 1991. The bankruptcy court found that the property conveyance created a conflict of interest between Appellant and the Appellees and dis-

qualified Appellees from representation. The bankruptcy court further found that the conveyance was fraudulent, thereby converting Appellant's voluntary Chapter Thirteen petition, into an involuntary Chapter Seven petition which could not be dismissed. Appellees appealed both the disqualification order and the fraudulent-conveyance order to the federal district court. Both orders were affirmed on July 31, 1992.

Appellant filed this legal malpractice action against Appellees in Pulaski County on March 8, 1995. All of the acts alleged in Appellant's complaint occurred on or before June 19, 1991. Her amended complaint alleged that she sustained no damages before July 31, 1992. Her second amended complaint added a claim for breach of fiduciary duty. Appellant did not, however, specifically plead the dates on which the alleged negligent actions occurred in either claim stated, but instead, included only the July 31, 1992 date. Upon motion by Appellees, the trial court reconsidered its earlier rulings, granted summary judgment, and dismissed both claims with prejudice on June 27, 1996. The trial court specifically held that the three-year statute of limitations governed by Ark. Code Ann. § 16-56-105 (1987) barred both claims. The trial court did not rule on Appellant's final motion for reconsideration, in which she argued that the trial court had not considered the claim for breach of fiduciary duty. Appellant filed notice of this appeal on July 17, 1996.

 Arkansas Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In *Calcagno v. Shelter Mut. Ins. Co.*, 330 Ark. 802, 957 S.W.2d 700 (1997), we explained that summary judgment is reserved for cases that have no genuine factual disputes. The moving party bears the burden of sustaining a motion for summary judgment; once the moving party meets this burden, the opposing party must present proof with proof and demonstrate that a material issue of fact survives. *Id.* We view the evidence in a light most favorable to the opposing party and resolve all questions and ambiguities against the moving party. *Id.* This court must review

the evidence presented below to determine whether the trial court ruled correctly. *Wright v. Compton, Prewett, Thomas & Hickey*, 315 Ark. 213, 866 S.W.2d 387 (1993). Summary judgment is proper when the statute of limitations bars the action. *Alexander v. Twin City Bank*, 322 Ark. 478, 910 S.W.2d 196 (1995). We will affirm a summary judgment when the plaintiff admits a dispositive fact. *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997).

■ Appellant first argues that the trial court erred when it granted summary judgment on the basis that the three-year statute of limitations governed by section 16-56-105 barred her suit filed on March 8, 1995. Section 16-56-105 provides for a three-year statute of limitations period in actions based in contract or liability, including unwritten breaches of duty. Since 1877, this court has consistently held that the three-year limitations period applies to legal malpractice actions. *Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991) (citing *White v. Reagan*, 32 Ark. 281 (1877)).

■ Next, we must determine when the claim accrued, and whether it is barred by the limitations period. *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992). There are at least three common approaches used to determine when a cause of action accrues: (1) the "occurrence rule," (2) the "damage rule" or "injury rule" and a variation called the "discovery rule," and (3) the "termination-of-employment rule," also named the "continuing-representation rule." *See Chapman*, 307 Ark. 87, 817 S.W.2d 425. *See generally* 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 21 (4th ed. 1996).

■ Arkansas has adhered to the traditional occurrence rule in legal malpractice cases since 1877. *Chapman*, 307 Ark. 87, 817 S.W.2d 425. Under the occurrence rule, the malpractice action accrues when the "last element essential to the cause of action" occurs, unless the attorney actively conceals the wrongdoing. *Id.* at 88, 817 S.W.2d at 426. The rationale is to prevent attorneys from having to defend stale claims, to preserve evidence, and to treat all plaintiffs equally. *Id.* This court has held fast to this now-minority rule for attorneys and other professionals, including

accountants and insurance agents. *See Calcagno*, 330 Ark. 802, 957 S.W.2d 700. In *Flemens v. Harris*, 323 Ark. 421, 915 S.W.2d 685 (1996), this court expressly included the application to legal malpractice actions:

> We hold that the statute of limitations for an insurance agent commences at the time the negligent act occurs, in keeping with our traditional rule in professional malpractice cases. However, in doing so, we recognize the harshness of this rule to the clients of not only insurance agents, *but also of attorneys*, accountants, and others who may avail themselves of this rule in defending against malpractice actions.

*Id.* at 427, 915 S.W.2d at 689 (emphasis added).

■ ■ Appellant, nevertheless, argues that our holdings are inconsistent and that this court adopted the damage rule or the injury rule in two legal malpractice cases, *Stroud v. Ryan*, 297 Ark. 472, 763 S.W.2d 76 (1989), and *Pope County v. Friday, Eldredge & Clark*, 313 Ark. 83, 852 S.W.2d 114 (1993). Under the damage rule, now the majority rule, the statute of limitations begins to run at the time the plaintiff is injured or suffers damages. *See Chapman*, 307 Ark. 87, 817 S.W.2d 425. Similarly, the discovery rule delays the accrual of the actionable negligence until the plaintiff discovers, or reasonably should have discovered, the malpractice.

■ We disagree with Appellant's assessment of *Stroud* and *Pope County*. In those cases, this court recognized an exception to the occurrence rule that effectively tolls the statute of limitations whenever the plaintiff is prevented from bringing his or her malpractice claim. Appellant conceded during oral argument before this court that the facts of this case do not parallel either *Stroud* or *Pope County*.

■ The facts in *Stroud*, 297 Ark. 472, 763 S.W.2d 76, involved a default judgment rendered against the appellant that had been set aside but was reinstated on a prior appeal. Concluding that the actionable negligence ceased to exist during the period from the time the default judgment was set aside until it was reinstated, this court held that the appellant could not prove her malpractice action until the adverse judgment was entered

against her. Similarly, in *Pope County*, 313 Ark. 83, 852 S.W.2d 114, we held that there was no actionable negligence from the time of the trial court's favorable ruling for the plaintiff until the time it was reversed on appeal. We therefore refute that we adopted the discovery rule in either *Stroud* or *Pope County*.

 This court distinguished *Stroud* when it decided *Goldsby*, 309 Ark. 380, 831 S.W.2d 142, and explained that the appellants' malpractice action in *Goldsby* had never ceased to exist from the time the appellee attorney had prepared a warranty deed in 1980 and misrepresented that the appellants had a first mortgage on the subject property. Appellants were not aware of the misrepresentation until 1985 when they suffered a business loss as a result of the alleged misrepresentation. This court held that the three-year statute of limitations barred appellants' 1986 malpractice suit and explicitly rejected the damage rule.

 The distinguishing factor in both *Stroud* and *Pope County* was the judgment entered in favor of the appellant. Here, as in *Goldsby*, there was no intervening judgment in Appellant's favor; hence, her malpractice claim never ceased to exist. At a minimum, Appellant was alerted to her claims for actionable negligence when the bankruptcy court entered the disqualification and the fraudulent-conveyance orders against her. Unlike *Stroud*, there was no point where Appellant was prevented from bringing suit. We are therefore not persuaded by Appellant's argument that accrual of her action was delayed; her alleged damages were evident through the trial court's adverse rulings, affirmed on appeal, and thereby never ceased to exist.

The majority of jurisdictions considering this context, regardless of the applicable rule, holds that a pending appeal by the damaged party does not serve to toll the statute of limitations when damages can be presently identified. *See, e.g., Gulf Coast Investment Corp. v. Brown*, 813 S.W.2d 218 (Tex. 1991) (holding that under the discovery rule, the statute of limitations accrued at the time an adverse proceeding was filed against the plaintiff, not when the trial court rendered final judgment against the plaintiff). Additionally, we are not convinced that the discovery rule would be an appropriate solution in response to the question of having to

defend an older drafting, for example, a twenty- or thirty-year-old will. *See Chapman,* 307 Ark. 87, 817 S.W.2d 425. Nor are we convinced by her out-of-state authorities. *See Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* 491 P.2d 421 (Cal. 1971).

 Appellant next contends that this court has recognized the termination-of-employment rule, also known as the continuing-representation rule in *Wright,* 315 Ark. 213, 866 S.W.2d 387. This rule parallels the "continuing-treatment doctrine" in medical malpractice cases. *See, e.g., Lane v. Lane,* 295 Ark. 671, 752 S.W.2d 25 (1988). Under either doctrine, the statute of limitations does not begin to run until the relationship between the professional and client has ended for a particular matter. *Id.* We again refute Appellant's contention, because in *Wright,* this court applied the occurrence rule and determined that the alleged negligence was a corporate reorganization the law firm was hired to perform. This court concluded that the "last element essential to the cause of action" was a final stock transfer between the plaintiff's two corporations that was the last step of the reorganization. This court ultimately remanded the case to the trial court, because a question of fact existed among the numerous dates alleged. Such holding does not constitute an embracement of the continuing-representation doctrine.

 We further refute Appellant's claim that by applying the occurrence rule, we treat attorneys more favorably than physicians in professional malpractice cases. This court has strictly limited the application of the continuing-treatment doctrine in medical malpractice cases. *See Pastchol v. St. Paul Fire & Marine Ins. Co.,* 326 Ark. 140, 929 S.W.2d 713 (1996) (holding that the continuing-treatment doctrine does not apply where the plaintiff alleges only an isolated act of negligence rather than a continuing course of negligent treatment). Moreover, the Arkansas Medical Malpractice Act follows the occurrence rule and essentially mirrors the application for legal malpractice actions. *Chapman,* 307 Ark. 87, 817 S.W.2d 425. Specifically, Ark. Code Ann. § 16-114-203(b) (Supp. 1997) provides that the cause of action in medical malpractice cases shall accrue on the date of the wrongful act. The act contains a discovery-rule exception for fraudulent concealment and an exception for situations when foreign objects are

left in the patient's body. Appellant's out-of-state authority also requires a series of negligent acts by the attorney in order to apply the continuing-representation doctrine. *Pittman v. McDowell, Rice & Smith*, 752 P.2d 711 (Kan. App. 1988). Here, Appellant does not specifically allege a continuing course of negligent representation that occurred after the time the petition was filed.

Because Arkansas is a fact-pleading state, Appellant's argument fails on the face of her complaint. *Goldsby*, 309 Ark. 380, 831 S.W.2d 142. Allegations of dates and times must give fair notice to defendants of the claims and the basis for such claims. *Id.* (citing ARCP 8 and Newbern, *Arkansas Civil Practice and Procedure* § 8-2 (1985)). Here, Appellant first alleged acts that took place on or before June 19, 1991. The date of July 31, 1992 appeared in Appellant's amended complaint and second amended complaint as the alleged date on which she sustained damages. Because Appellant did not specifically plead the dates on which she alleges that Appellees gave her negligent advice, her pleading is insufficient on its face. *Id.*

In conclusion, Appellant's cause of action accrued when the alleged negligent act occurred. This was on or before the time she filed her Chapter Thirteen petition on June 19, 1991; hence, her legal malpractice claim filed on March 8, 1995, is barred by the three-year statute of limitations. *Chapman*, 307 Ark. 87, 817 S.W.2d 425. Additionally, Appellant did not allege that Appellees concealed their alleged wrongdoing. Furthermore, the exception to the occurrence rule enunciated in *Stroud*, 297 Ark. 472, 763 S.W.2d 76, does not apply to Appellant's situation. Appellant's action never ceased to exist, thus she was not prevented from filing suit. This court narrowly construes the inherent exceptions to the occurrence rule in both medical malpractice cases and legal malpractice cases.

This court has expressly declined to retroactively change the legal malpractice occurrence rule to any of the other approaches. *Chapman*, 307 Ark. 87, 817 S.W.2d 425. The General Assembly's silence for over 100 years indicates tacit approval of this court's statutory interpretation. *Id.* Appellant has offered no compelling arguments or authorities to convince us to alter our

long-standing acceptance and application of this rule of law, absent legislative directive. *Stare decisis* mandates this outcome, given our recent ruling in *Calcagno*, 330 Ark. 802, 957 S.W.2d 700. We respectfully decline this opportunity to change our interpretation of section 16-56-105 and hold that *Goldsby*, 309 Ark. 380, 831 S.W.2d 142, continues to be the Arkansas rule, and accordingly, do not depart from the occurrence rule. This court further clarified in *Goldsby* that *Stroud*, 297 Ark. 472, 763 S.W.2d 76, does not stand for the proposition that Arkansas has adopted the damage rule. *Goldsby*, 309 Ark. 380, 831 S.W.2d 142. We conclude the same and will continue to defer any departures therefrom to the General Assembly.

For her second argument, Appellant argues that the trial court erred in granting the motion for summary judgment on the claim of breach of fiduciary duty because the statute of limitations had not run. Section 16-56-105 governs unwritten breaches of fiduciary duty and provides for a three-year statute of limitations. For the reasons outlined above, this claim for breach of fiduciary duty was also barred. *See Smith v. Elder*, 312 Ark. 384, 849 S.W.2d 513 (1993).

Affirmed.

KEVIN A. CRASS, Sp. J., joins in this opinion.

NEWBERN, J., not participating.