Cleo RAYNOR and Jerome Raynor *v.*
Dr. James KYSER

CA 98-133                                    984 S.W.2d 451

Court of Appeals of Arkansas
Division II
Opinion delivered December 23, 1998

[Petition for rehearing denied January 27, 1999.]

*Law Offices of Brad Hendricks*, by: *Lamar Porter*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura Hensely Smith*, for appellee.

MARGARET MEADS, Judge. Cleo and Jerome Raynor's complaint for medical negligence against Dr. James Kyser was dismissed on a motion for summary judgment based upon the trial court's findings that such a cause of action was barred by the statute of limitations and that the "continuous course of treatment" theory was not applicable to toll the running of the statute of limitations. On appeal, appellants contend that summary judgment was improper because the trial court erroneously determined that the continuing treatment theory, which would have tolled the statute of limitations, was not applicable to their case. We affirm.

Arkansas Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is reserved for cases that have no genuine factual disputes. *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998). The moving party bears the burden of sustaining a motion for summary judgment, and once that burden is met, the opposing party must meet proof with proof to demonstrate that a material issue of fact still exists. *Id.* On appeal, the evidence is

viewed in the light most favorable to the opposing party. *Id.* Summary judgment is proper when the statute of limitations bars the action. *Alexander v. Twin City Bank*, 322 Ark. 478, 910 S.W.2d 196 (1995).

The parties agree that the facts are not in dispute; therefore, the only issue remaining is whether appellee was entitled to judgment as a matter of law. The medical malpractice statute of limitations, codified at Ark. Code Ann. § 16-114-203 (Supp. 1997), provides in pertinent part:

> (a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

> (b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time.

Cleo Raynor (hereafter "appellant") became appellee's patient in January 1985, and was diagnosed with nasal polyps. Appellee surgically removed these polyps on January 15, 1985, and appellant followed up this procedure with an office visit on January 28, 1985. In August 1986, appellant returned to see appellee, he surgically removed benign papillomas, and she returned for an office visit in September 1986. In 1987, there was an August office visit and an August surgical procedure to remove nasal polyps, followed by office visits in August and November. On August 2, 1988, appellant underwent a surgical procedure to remove nasal polyps, and there was a pathological diagnosis of inverted papilloma. This procedure was followed up with office visits on August 24 and November 30. In 1989, appellant had two office visits with appellee, both indicating that her nose was clear of polyps. In 1990, appellant had an office visit with appellee on July 11; on July 18, appellee performed surgery to remove polyps and papillomas. This procedure was followed up with office visits on July 19 and August 14, 1990. On March 26, 1991, appellant returned to see appellee, who noted that her nose was clear and there were no polyps. At this time, appellant was advised to return in six months; however, she did not return until October 1994.

When appellant returned to see Dr. Kyser on October 18, 1994, she was required to complete a new patient information sheet because of her extended absence from appellee's care. Appellant underwent surgery for nasal polyps on October 25, and she was seen for a post-operative check-up on November 28, 1994. At that time, appellant's nose was free of polyps, and appellee recommended that she schedule another appointment in six months. She next saw Dr. Kyser on March 28, 1995, at the suggestion of her family physician, Dr. Tommy Love, with new complaints of diplopia and third nerve palsy. At that time, appellee referred appellant to Dr. James Suen, who eventually removed an inverted papilloma that had invaded her maxillary sinus in the orbital area.

Appellant filed suit against appellee on February 6, 1997. She asserts that the continuing treatment theory is applicable to her case and tolls the statute of limitations until March 28, 1995, the last day of treatment provided by Dr. Kyser.

■ The Arkansas Supreme Court first recognized the "continuing treatment" exception to the two-year statute of limitations in *Lane v. Lane*, 295 Ark. 671, 752 S.W.2d 25 (1988). In that case, a physician began treating his future wife's migraine headaches with narcotic injections in 1966 and continued this treatment for the next eighteen years. In May 1985, after the parties were divorced, Mrs. Lane sued Dr. Lane for medical malpractice. Dr. Lane moved for summary judgment on the basis that the statute of limitations had run, and the trial court denied the motion. On appeal, the supreme court affirmed the allowance of the claim based on the continuing treatment theory, which is defined as follows:

> If the treatment by the doctor is a continuing course and the patient's illness, injury or condition is of such a nature as to impose on the doctor a duty of continuing treatment and care, the statute does not commence running until treatment by the doctor for the particular disease or condition involved has terminated — unless during treatment the patient learns or should learn of negligence, in which case the statute runs from the time of discovery, actual or constructive.

*Lane, supra,* 295 Ark. at 673-74, 752 S.W.2d at 26-27 (citing 1 D. Louisell and H. Williams, *Medical Malpractice* 13.08 (1982) (footnotes omitted)).

The supreme court also applied this theory in *Taylor v. Phillips,* 304 Ark. 285, 801 S.W.2d 303 (1990). However, in his concurring opinion in *Taylor,* Justice Newbern cautioned, "It should not be assumed by those reading the court's opinion that as long as a doctor-patient relationship continues, or there is a continuous course of non-treatment or omission, the statute does not begin to run." 304 Ark. at 290.

*Lane* and *Taylor* are the only two cases in which our supreme court has applied the continuing treatment theory to toll the statute of limitations in medical malpractice cases. The theory has been rejected by the court in *Tullock v. Eck,* 311 Ark. 564, 845 S.W.2d 517 (1993); *Pastchol v. St. Paul Fire & Marine Ins.,* 326 Ark. 140, 929 S.W.2d 713 (1996); and most recently in *Wright v. Sharma,* 330 Ark. 704, 956 S.W.2d 191 (1997). Additionally, the Eighth Circuit, applying Arkansas law, declined to apply the continuing treatment theory in *Roberts v. Francis,* 128 F.3d 647 (8th Cir. 1997) and *Hobbs v. Naples,* 993 F.2d 173 (8th Cir. 1993).

In the present case, appellant contends that appellee was negligent in treating her from January 1985 through November 1994 because he failed either to make the diagnosis of inverted papilloma, or, if he did make the diagnosis, to properly treat and/or monitor the condition. Reviewing the evidence in the light most favorable to appellant, as we must do in summary-judgment cases, we note that appellant stated in her affidavit in support of the denial of summary judgment that appellee told her she would need to remain under his care indefinitely because of the frequent recurrence of nasal polyps. She admitted that she did not see appellee from March 1991 until October 1994, but understood that if she had any problems she was to return to his office. Appellant stated that she was a regular patient of appellee from 1985 until March 1995, and she especially considered herself under his care from November 1994 until March 1995 because she had been instructed during her November 1994 follow-up examination to return in six months.

██ We find that the period between January 1985 and October 1994 is clearly barred by the two-year statute of limitations. It is undisputed that appellant did not seek any treatment for her nasal polyps from March 1991 until October 1994, a period of three years and seven months, although she had been instructed to schedule a follow-up appointment six months after her March 1991 visit. The decision in *Tullock v. Eck, supra,* supports this determination. In *Tullock,* the supreme court held that refilling a prescription, with no other contact between patient and doctor, was insufficient to toll the statute of limitations under the continuous-treatment theory. If the act of repeatedly refilling a prescription is not sufficient to apply the continuous-treatment theory, then a three-and-one-half year period in which there is *no* action or contact whatsoever between patient and doctor does not constitute continuous treatment and does not toll the statute of limitations for the period from January 1985 until October 1994.

██ ██ As to the period from October 1994 to March 1995, the dispositive issue is whether the March 28, 1995, visit was part of a continuous course of treatment to toll the statute of limitations. Appellant contends that she was still in continuous treatment in March 1995 because she had been instructed in November 1994 to come back in six months. However, appellant saw appellee in March 1995 at the behest of her family physician for diplopia and third nerve palsy, both of which were new complaints for which she had never before sought treatment. Appellant did not mention nasal polyps at any time during the March 1995 visit. Moreover, the parties agree that there was no negligence with regard to the March 1995 office visit. Therefore, we find that the statute of limitations began to run from the time of appellant's last post-operative follow-up examination on November 28, 1994, which revealed no nasal polyps. It was at that point that treatment with regard to appellant's October 1994 surgery was complete.

Appellant contends that no case has held that negligence must be claimed with respect to the date of the last treatment, or that negligence must be claimed with respect to each treatment. She cites *Lane, supra,* in support of this proposition:

Generally, the cause of action would accrue at the end of a continuous course of medical treatment for the same or related condition even if the negligent act or omission has long since ended.

295 Ark. at 675, 752 S.W.2d at 27.

However, in the two cases in which the supreme court applied the continuous-treatment theory, *Lane, supra,* and *Taylor, supra,* the last portion of negligent treatment fell within the two-year statute of limitations, even though the initial act of negligence was outside of that period. In the present case, there is no allegedly negligent treatment within the two-year limitation period. Because appellant concedes that no negligent treatment occurred on March 28, 1995, the last date appellee could have been negligent in any treatment was November 28, 1994.

■ Thus, we agree with the trial court's conclusion that appellant's lawsuit filed on February 6, 1997, is time-barred because it was not filed within two years of November 28, 1994.

Affirmed.

AREY and GRIFFEN, JJ., agree.