Ramona MOIX-McNUTT *v.* Robert J. BROWN

01-283                                                          74 S.W.3d 612

Supreme Court of Arkansas
Opinion delivered May 9, 2002

*McNutt Law Firm*, by: *Mona J. McNutt*, for appellant.

*Cross, Gunter, Witherspoon and Galchus, P.C.*, by: *M. Stephen Bingham*, for appellee.

Tom GLAZE, Justice. This case involves the application of the statute of limitations in legal malpractice cases. We take jurisdiction under Ark. Sup. Ct. R. 1-2(a)(5), as the appeal involves the discipline of attorneys–at–law.

Ramona Moix–McNutt originally hired the law firm of Crockett and Brown, PLLC,[1] in December of 1996 to represent her and her husband in a real estate transaction, and on January 2, 1997, Crockett and Brown filed a Chapter 13 Bankruptcy petition for Moix–McNutt. After a hearing in June of 1997, the bankruptcy court found that Moix–McNutt did not have enough income to meet the statutory requirements for a Chapter 13 bankruptcy. On July 17, 1997, the bankruptcy court ordered Moix–McNutt and her husband, Mark McNutt, to enter Chapter 11 bankruptcy or to consolidate and join in one Chapter 11 bankruptcy petition within twenty days; otherwise, Moix–McNutt's Chapter 13 bankruptcy case would be involuntarily converted to a Chapter 7 bankruptcy proceeding without notice or hearing at some future time.

On July 25, 1997, Brown filed a notice of appeal from the July 17 order, and on August 5, 1997, Brown filed a motion requesting a stay of the July 17 order pending the appeal. The bankruptcy court held a hearing on September 5, 1997, at which time the motion for stay pending appeal was denied. Brown did not file a motion to convert Moix–McNutt's Chapter 13 petition to a Chapter 11 petition or join Mark McNutt in the proceedings. On December 3, 1997, the bankruptcy court filed an order that involuntarily converted Moix–McNutt's Chapter 13 petition into

---

[1] The law firm of Crockett and Brown, PLLC, has apparently since dissolved, and Moix–McNutt names only Robert J. Brown as the appellee; therefore, any references to Moix–McNutt's attorneys will simply be to Brown.

a Chapter 7 proceeding, noting that Moix-McNutt was clearly ineligible for Chapter 13.

On August 14, 2000, Moix-McNutt filed this malpractice action against Brown. In her complaint, she alleged that, as a result of Brown's "incompetent legal advice," she suffered an involuntary conversion of her bankruptcy petition to a Chapter 7 proceeding, which resulted in a loss of an enormous sum of money. She further asserted that Brown knew or should have known that the conversion would take place if he took no further action following the bankruptcy court's July 17, 1997, order directing Moix-McNutt to convert her petition to a Chapter 11 petition.

Brown filed a motion to dismiss Moix-McNutt's complaint, asserting that the three-year statute of limitations for bringing legal malpractice actions had expired. After a hearing on November 2, 2000, the trial court granted Brown's motion. From that order, Moix-McNutt brings this appeal, arguing that her cause of action did not accrue until the bankruptcy court's December 3, 1997, order. Moix-McNutt contends that she was not harmed or did not suffer any loss until this December 3 bankruptcy court order that converted her Chapter 13 petition into a Chapter 7 proceeding. It was this involuntary conversion, she asserts, that was the last essential element to her cause of action. Thus, because the statute of limitations commenced from the December 3, 1997, date, she claims the filing of her malpractice action on August 14, 2000, was well within the three-year statute of limitations.

■■ Arkansas Code Annotated section 16-56-105 (1987) provides a three-year statute of limitations for malpractice actions against attorneys. *See also O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997) (three-year statute of limitations applies to all tort actions not otherwise limited by law). For over one hundred years, Arkansas has followed the "occurrence rule" with respect to the commencement of the statute of limitations in legal malpractice cases. *See White v. Reagan*, 32 Ark. 821 (1877). This rule provides that the statute of limitations applicable to a malpractice action begins to run, in the absence of concealment of the wrong, when the negligence occurs, and not when it is discovered. *See*

*Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998) (where this court listed three common approaches used to determine when a cause of action for malpractice accrues: 1) the occurrence rule; 2) the "damage rule" or "date of injury rule," with a variation called the "discovery rule"; and 3) the "termination-of-employment rule," also named the "continuing representation rule"; the *Ragar* court, however, adhered to the occurrence rule); *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992); *Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991).

Notwithstanding this court's consistent refusal to retreat from the occurrence rule, Moix-McNutt continues, as mentioned above, to argue that the last essential element to her cause of action did not fall into place until the bankruptcy court's December 3, 1997, order involuntarily converting her bankruptcy proceeding to Chapter 7. She asserts that, but for the bankruptcy court's entry of that order, which forced her to enter a Chapter 7 bankruptcy and culminated in the liquidation of her assets, she would have had no complaint against anyone.

■ To accept this argument, however, Arkansas would have to abandon the occurrence rule and adopt the so-called "date of injury" rule; this latter rule provides that the statute of limitations begins to run, not from the occurrence of the negligent act, but rather from the time injury results from the negligent act. *See Chapman, supra.* This court has held time and time again that "if such a marked change is to be made in the interpretation of statutes that have long been the law, it should be done prospectively by the legislature and not retrospectively by the courts." *Goldsby, supra; Flemens v. Harris*, 323 Ark. 421, 915 S.W.2d 685 (1996); *Morris v. McLemore*, 313 Ark. 53, 852 S.W.2d 135 (1993) (holding that a cardinal rule in dealing with a statutory provision is to give it a consistent and uniform interpretation, and when a statute has been consistently construed in one way for many years, such construction ought not be changed).

■ A fundamental flaw in Moix-McNutt's argument is that she has failed to allege the date of any wrongdoing by Brown after July 17, 1997, when the bankruptcy court ordered her to convert her petition from Chapter 13 to Chapter 11. Although

she argues that Brown continued his negligent actions in the days after that order was entered, and failed to advise her of the repercussions she would face if she ignored the bankruptcy court's order, she does not specifically plead the dates on which she alleges that Brown gave her negligent advice. In *Ragar v. Brown, supra,* this court held that such a failure caused the pleading to be deficient on its face. The trial court correctly recognized that all of the allegedly wrongful acts by Brown had been completed as of July 17, 1997,[2] and Moix-McNutt has not pointed out to this court any evidence to the contrary. Although she argues that "common sense" says that one cannot have a cause of action until one has actually suffered a loss or damages arising out of the negligent act, this is precisely the argument that this court has rejected over and over again. *See Ford's, Inc. v. Russell Brown & Co.,* 299 Ark. 426, 773 S.W.2d 90 (1989).

In conclusion, Arkansas has utilized the "occurrence rule" since 1877, and "[t]his court has expressly declined to retroactively change the legal malpractice occurrence rule to any of the other approaches. The General Assembly's silence for over 100 years indicates tacit approval of this court's statutory interpretation." *Ragar,* 332 Ark. at 223. While Moix-McNutt may disagree with the application of the rule, "*stare decisis* mandates this outcome." *Id.* at 224.

Because the three-year statute of limitations barred Moix-McNutt's malpractice action against Brown, the trial court did not err in granting Brown's motion to dismiss. We affirm.

IMBER, J., not participating.

---

[2] To the extent that Moix-McNutt argues that Brown's conduct constituted malpractice, we note that the trial court decided the case solely on the basis of the statute of limitations; therefore, that is the only issue we address in this opinion.