MOORE INVESTMENT COMPANY, INC. *v.*
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD

CA 04-54 208 S.W.3d 803

Court of Appeals of Arkansas
Opinion delivered May 18, 2005

[Rehearing denied June 22, 2005.]

104

*Timothy O. Dudley*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Robert L. Henry, III*, for appellee.

TERRY CRABTREE, Judge. This is a legal-malpractice case. On October 20, 2003, the Pulaski County Circuit Court granted summary judgment in favor of the appellee, Mitchell, Williams, Selig, Gates & Woodyard, finding that no material issue of fact existed and that the three-year statute of limitations barred the claims made by the appellant, Moore's Investment Company, in its complaint. The sole issue on appeal is whether summary judgment was appropriate. We hold that it was and affirm the trial court's ruling.

The facts surrounding the limitation issue are as follows. Appellant engaged appellee to effectuate a sale of its life insurance company, Old Southwest Life Insurance Company [Old Southwest], to Franklin America Life Insurance Company [Franklin America]. Ultimately, on December 11, 1998, appellant entered into an acquisition agreement with Franklin America for the sale and transfer of Old Southwest. The terms of the entire sale transaction and closing procedures were set forth in the agreement. Jimmie Lee Moore Jaye, President of Old Southwest and President

of Moore's Investment Company, reviewed various drafts of the acquisition agreement and signed the final agreement on December 11, 1998. Under the terms of that agreement, appellant sold all of the issued and outstanding shares of common stock of Old Southwest effective March 1, 1999. The agreement was subject to the condition that it be approved by shareholders of Old Southwest and the Arkansas Insurance Commissioner.

Pursuant to the agreement, Franklin America first tendered eighty percent of the purchase price, $1,392,237.92, to appellant. However, in May 1999, Franklin America went into receivership and the balance of the purchase price, $329,213.00, which was due at that time, was not paid to appellant. As a result, appellant filed a complaint against appellee alleging that appellee committed malpractice by failing to advise it that under the terms of the agreement, twenty percent of the payment price was unsecured. Specifically, appellant alleged (1) legal malpractice, (2) breach of fiduciary duty, and (3) breach of contract. Later, appellee filed a motion for summary judgment asserting the affirmative defense of statute of limitations. After a hearing on the matter, the circuit court granted appellee's motion.

On appeal, appellant argues that the trial court erred in granting summary judgment to appellee. We have ceased referring to summary judgment as a drastic remedy. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000). We now regard it simply as one of the tools in a trial court's efficiency arsenal. *Id.* The moving party always bears the burden of sustaining a motion for summary judgment. *Renfro v. Adkins*, 323 Ark. 288, 295, 914 S.W.2d 306, 309-10 (1996). All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. *Curley v. Old Reliable Casualty Co.*, 85 Ark. App. 395, 155 S.W.3d 711 (2004). Once the moving party makes a *prima facie* showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. *Mount Olive Water Ass'n v. City of Fayetteville*, 313 Ark. 606, 856 S.W.2d 864 (1993). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56 (2004); *Robert D. Holloway, Inc.*

*v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 453, 966 S.W.2d 241, 243 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

On January 4, 2002, appellant filed its complaint alleging that appellee committed legal malpractice, conflict of interest or breach of fiduciary duty, and a breach of contract in regard to the sale of Old Southwest. On July 28, 2003, appellee filed a motion for summary judgment asserting the affirmative defense of the statute of limitations. Along with its motion and brief in support, appellee attached (1) the pleadings on file including the complaint, (2) answers to interrogatories and requests for production from appellant, (3) excerpts from the deposition of Jimmie Lee Moore Jaye, and (4) a copy of the December 11, 1998, acquisition agreement. Appellee argued that the statute of limitations began to run on December 11, 1998, at the time the acquisition agreement was executed.

 As this is a legal-malpractice action, Ark. Code Ann. § 16-56-105 (Repl. 1996) is the applicable statute of limitations. The statute requires a claim for malpractice to be filed within three years of "when the negligence occurs." *Dunn v. Westbrook*, 334 Ark. 83, 971 S.W.2d 252 (1998). Since 1877, it has been the law in Arkansas that the statute of limitations in an action against an attorney for negligence begins to run, in the absence of concealment of the wrong, when the negligence occurs, not when it is discovered by the client. *Goldsby v. Failley*, 309 Ark. 380, 831 S.W.2d 142 (1992); *Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991); *Riggs v. Thomas*, 283 Ark. 148, 671 S.W.2d 756 (1984). While other jurisdictions use different approaches in determining when the cause of action accrues, we have stated that if such a marked change is to be made in the interpretation of statutes that have long been the law, it should be done prospectively by the legislature and not retrospectively by the courts. *Goldsby, supra*; *Riggs, supra*.

██ The triggering event for the statute of limitations in the present case is the date the acquisition agreement was signed by the parties on December 11, 1998. On that date, Franklin America and appellant finalized the entire agreement, set all procedures for closing, and agreed to all terms of the sale. Appellant, represented by Jimmie Lee Moore Jaye, read and signed the agreement, which included terms for a secured transaction in regard to eighty percent of the purchase price. All of the events following the December

11, 1998, execution served to effectuate the terms of the acquisition agreement. Any complaints or issues about the fairness of the transaction, the terms of the agreement, the purchase price, the steps for the closing process, and the manner of payment, including the unsecured balance, were established on December 11, 1998, and were known to appellant at that time.

■ At the trial court level, appellant alleged that appellee (1) failed to advise the "shareholders of Moore's Investment Company that the sales agreement was, in part, unsecured on or before January 22, 1999, when the shareholders approved the settlement agreement"; and (2) failed "to advise Plaintiff Jimmie Lee Moore that the transaction was unsecured before Ms. Moore signed an Affidavit for the Insurance Commissioner stating that the transaction was fair in February . . . 1999." These arguments do not change the fact that the unsecured status of the transaction is part of the acquisition agreement reviewed by appellant and signed on December 11, 1998.

■ Appellant also claimed that following the execution of the agreement appellee continued to be intermittently and repeatedly negligent in 1999 by failing again to advise appellant of the unsecured status of the balance. By making this claim on appeal, appellant asks this court to embrace the continuing-representation rule. Under that doctrine, the statute of limitations does not begin to run until the relationship between the professional and client has ended for a particular matter. *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998). That is simply not the law in Arkansas. *Id.* By sharp contrast, Arkansas courts apply the minority rule, the occurrence rule. *Dunn, supra*; *Ragar, supra*. As a result, we must look to the time when the negligence occurs. *Id.*

■ In summary, appellant filed its complaint on January 4, 2002, more than three years after the statute of limitations began to run. Therefore, we hold that the statute of limitations barred appellant's claims against appellee for legal malpractice and breach of contract. As such, the trial court did not err in granting summary judgment on that basis.

However, we must distinguish appellant's claim for breach of fiduciary duty or conflict of interest as we do not believe that it was barred by the statute of limitations. In appellant's complaint it alleged, "COUNT II BREACH OF FIDUCIARY DUTY." In paragraph thirty-one appellant asserted:

As a proximate result of their breach of fiduciary duty, the defendants failed and neglected to exercise their best judgment and loyalty to plaintiffs. As a result, defendants failed to inform plaintiffs of the risks which plaintiffs assumed in the transaction, and specifically the risks that plaintiff might not receive 20% of the purchase price because all of the assets would be transferred to FALIC with no security or escrow, while plaintiff would receive only 80% of the purchase price at closing. At a minimum, defendants should have advised plaintiffs of these issues before January 22, 1999, when the shareholder of Old Southwest approved the sale, and also before the hearing before the Arkansas Insurance Commissioner in February, 1999. Had defendants fully informed plaintiffs of these risks, plaintiffs either would not have approved the transaction or would have insisted upon a provision securing the final 20% of the purchase price before proceeding with the transaction.

■ Based upon the language contained in appellant's complaint, we believe that appellant's claim for conflict of interest is separable from its general assertion for legal malpractice or breach of contract. The action that appellant complained of in regard to a conflict of interest did not occur prior to the signing of the acquisition agreement or while appellant and Franklin America negotiated the terms of the agreement. It was after the acquisition agreement was signed, in February 1999, that appellee represented both appellant and Franklin America in front of the Arkansas Insurance Commission. The acquisition agreement contained no language or reference to dual representation for the hearing before the Insurance Commission. As such, we believe that the three-year statute of limitations for the conflict-of-interest claim did not run until February 2002. As such, appellant's complaint filed on January 4, 2002, was timely in relation to this particular claim.

As a result, we must address whether the trial court's granting of summary judgment was proper in regard to the conflict-of- interest claim after viewing the proof in the light most favorable to appellant. *See Curley, supra.* On July 28, 2003, appellee filed a motion and brief in support for summary judgment. Appellee attached to the motion (1) the pleadings on file including the complaint, (2) answers to interrogatories and requests for production from appellant, (3) excerpts from the deposition of Jimmie Lee Moore Jaye, and (4) a copy of the December 11, 1998, acquisition agreement.

█ With the pleadings, excerpts of a deposition, and a copy of the agreement, we believe that appellee made a *prima facie* showing that it was entitled to summary judgment in its motion and brief regarding the conflict-of-interest claim. Next, we must examine whether appellant met proof with proof by showing any material issue of fact. *See Mount Olive Water Ass'n, supra.* The record reflects that appellant failed to file any affidavit or proof of any kind in response to appellee's motion for summary judgment. Although appellant refers to an alleged ineffective waiver and to a letter that bears on this issue, neither the waiver nor the letter are included in the record, nor were they attached to the response to the summary judgment. As appellant failed entirely to meet proof with proof in response to appellee's motion, we cannot say that the trial court erred in granting summary judgment to appellee in regard to the conflict-of-interest claim.

In conclusion, we note that the trial court found in its written order that all three of appellant's claims were barred by the statute of limitations. We agree that the statute of limitations barred appellant's claims for legal malpractice and breach of contract. However, we do not agree that the statute of limitations barred appellant's claim for conflict of interest.

█ Also in its order, the trial court found that no genuine issue of material fact existed in this case. We believe that summary judgment was proper in regard to the claim for conflict of interest as appellant failed to meet proof with proof. We recognize that we will affirm a trial court when it reaches the right result for the wrong reason. *Middleton v. Lockhart*, 355 Ark. 434, 139 S.W.3d 500 (2003).

We affirm.

VAUGHT, J., agrees.

HART, J., concurs.