## MORROW CASH HEATING & AIR, INC. *v.* Jerry JACKSON

CA 05-1260                                          239 S.W.3d 8

Court of Appeals of Arkansas
Opinion delivered September 13, 2006

*Hixson Law Firm,* by: *Kenneth S. Hixson,* for appellants.

*Davis, Wright, Clark, Butt & Carithers, PLC,* by: *John G. Trice,* for appellee.

John Mauzy Pittman, Chief Judge. Appellants employed appellee as an accountant. After appellants suffered a severe business reverse, appellee sued appellants alleging that he had not been

paid approximately $15,000 for accounting services rendered. Appellants counterclaimed, alleging that they sustained damages in excess of $600,000 as a result of the accounting malpractice of appellee. The trial court directed a verdict on the counterclaim, ruling that it was barred by the three-year statute of limitations because the incorrect advice was initially given in January 2000, just over three years before the claim was filed. The correctness of that ruling is the issue to be decided in this appeal.

Professional malpractice actions are governed by the three-year limitations period set out in Ark. Code. Ann. § 16-56-105 (Repl. 2005). In determining whether a directed verdict should have been granted, we view the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Mankey v. Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993); *Lytle v. Wal-Mart Stores, Inc.*, 309 Ark. 139, 827 S.W.2d 652 (1992). A motion for a directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Boykin v. Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987). Where the evidence is such that fair-minded persons might reach different conclusions, then a jury question is presented, and the directed verdict should be reversed. *Mankey v. Wal-Mart Stores, Inc., supra.*

■ Viewing the evidence in the light most favorable to appellants, the record shows that, in January 2000, appellee in his capacity as appellants' accountant advised appellants to stop collecting sales tax on equipment installed in new construction. The advice was initially rejected because appellants were not convinced that it was correct; was discussed further at subsequent meetings in February and March; and, after considerable disagreement and reluctance, was ultimately accepted and implemented in March 2000. In February 2003 appellants filed their counterclaim alleging appellee committed malpractice by negligently giving them incorrect tax advice. The question on appeal is whether the trial court was correct in ruling that the malpractice counterclaim was barred by the three-year statute of limitations because the incorrect advice was initially given in January 2000, just over three years before the claim was filed. We hold that it erred because fair-minded persons might conclude, on this record, that the statute of limitations did

not begin to run until appellants accepted and implemented the advice in March 2000, just under three years before the counterclaim was filed.

Arkansas adheres to the "occurrence rule" in professional malpractice cases, which provides that a cause of action accrues when the last element essential to the cause of action occurs, unless the professional actively conceals the wrongdoing. *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998). Here, there was evidence that appellants did not accept the advice until, after some cajoling that extended into March 2000, during which time appellee repeated the advice and urged them to follow it, appellants relented, accepted the advice, and implemented it. Given the evidence that the advice was rejected when initially given in January 2000, was afterward repeatedly urged, and was not accepted until March 2000, we hold that the trial court erred in directing a verdict on this issue.

Reversed and remanded.

ROBBINS, BIRD, and GLOVER, JJ., agree.

NEAL and BAKER, JJ., dissent.

KAREN R. BAKER, Judge, dissenting. The majority holds that fair-minded persons might conclude, on this record, that the statute of limitations did not begin to run until appellants accepted and implemented the advice in March 2000, just under three years before the counterclaim was filed. I disagree.

All the parties agree that the advice was given to appellants in January 2000, more than three years prior to the filing of appellants' counterclaim. The statute of limitations period for professional malpractice actions is three years, and absent concealment it begins to run upon the occurrence of the wrong. *Delanno, Inc. v. Peace*, 366 Ark. 542, 237 S.W.3d 81 (2006); *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992). The approach of calculating the time for the limitations period from the occurrence of the alleged wrong is known as the "occurrence rule." The "occurrence rule" provides that an action accrues when the last element essential to the cause of action occurs, unless the wrongdoing is actively concealed. *Delanno, supra; see also Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998) (acknowledging that the Arkansas Supreme Court had held fast to this minority rule in cases involving attorneys and other professionals, including accountants and insur-

ance agents). Arkansas has utilized the "occurrence rule" since 1877, and our supreme "court has expressly declined to retroactively change the legal malpractice occurrence rule to any of the other approaches. The General Assembly's silence for over 100 years indicates tacit approval of [our supreme] court's statutory interpretation." *Moix-McNutt v. Brown* 348 Ark. 518, 523, 74 S.W.3d 612, 614 (2002).

The majority implies that because the advice was repeated and not accepted until "after some cajoling," that a fact question exists as to when the alleged negligence occurred. That it is not the case. *Ford's, Inc. v. Russell Brown & Co.*, 299 Ark. 426, 773 S.W.2d 90 (1989) involved a professional malpractice claim against accountants for giving erroneous tax advice. Our supreme court held that the limitation period in tax malpractice cases begins to run, in the absence of concealment of the wrong, when the negligence occurs, and not when the government assesses additional taxes. The court refused to establish the commencement of the three-year statute of limitations from the time that the accountants conceded that the IRS was correct and admitted that appellants owed money, even though the accountants defended their initial advice after the clients were notified they owed a tax deficiency.

Our court, without any ambiguity, has rejected any approach in contradiction to the occurrence rule. In *Moore Investment Co., Inc. v. Mitchell, Williams, Selig, Gates & Woodyard,* 91 Ark. App. 102, 208 S.W.3d 803 (2005), the appellant claimed that its attorneys continued to be intermittently and repeatedly negligent by repeating the same advice. Our court acknowledged that appellant was asking the court to embrace the continuing-representation rule. *Id.* at 108, 208 S.W.3d at 806. Under that doctrine, the statute of limitations does not begin to run until the relationship between the professional and client has ended for that particular matter. *Id.* However, we refused to adopt that rule stating that it "is simply not the law in Arkansas." *Id.*

Recently, our supreme court in *Delanno, supra,* found that repeating the same information over a period of three years, absent evidence of fraudulent concealment, did not toll the statute of limitations. *Delanno,* 366 Ark. at 547, 237 S.W.3d at 86. All parties in this case agree that the first time the erroneous tax advice was conveyed was in January 2000. Given our supreme court's, and our precedent, the trial court did not err in finding that the statute of limitations barred recovery. Simply maintaining in later meetings that the advice given in January 2000 was correct did not toll

the statute of limitations or create a relevant fact question for the jury. Due to our long-standing adherence to the occurrence rule, we should affirm.

NEAL, J., joins.