Earnest TATE *v.* LABORATORY CORPORATION of
AMERICAN HOLDINGS

CA 07–1064                                             285 S.W.3d 261

Court of Appeals of Arkansas
Opinion delivered May 28, 2008

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Dover Dixon Horne, PLLC*, by: *Monte D. Estes*; and *Lewis, Rice & Fingersh, L.C.*, by: *James v. O'Brien* and *Andrew S. Buchanan*, for appellee.

KAREN R. BAKER, Judge. Appellant, Earnest Tate, appeals from a decision by the Pulaski County Circuit Court that granted appellee's motion to dismiss because appellant's complaint was filed outside the statute of limitations. On appeal, he argues that the trial court erred in applying the "occurrence rule" rather than the "discovery rule" and dismissing the case based upon the running of the statute of limitations. We affirm.

The facts of this case are undisputed. On May 20, 1990, M.C. was born to Sandra Y. Carter. Because there was a question as to paternity, appellant gave a blood sample on May 28, 1991, in order to determine whether he was the biological father of M.C. The test results, dated June 26, 1991, showed that there was a 99.32% probability that appellant was the father of the child. The

Pulaski County Circuit Court entered judgment on July 20, 1992, setting appellant's child-support obligation at $65 per week and ordering him to pay the child's medical insurance. Between 1992 and 2003, appellant paid approximately $46,000 in child support for M.C. However, in October 2003, the issue of paternity arose again. On October 17, 2003, appellant underwent a DNA test, which ultimately concluded the probability to be 0% that appellant was the father of the child.

On March 7, 2006, appellant filed a complaint against appellee (formerly known as Roche Biomedical Laboratories) alleging breach of contract and negligence. On April 11, 2006, appellee filed an answer, raising several affirmative defenses, including the affirmative defense of the statute of limitations. In addition, on April 11, 2006, appellee filed a Notice of Removal to the United States District Court, Eastern District of Arkansas. Appellee also filed a motion to dismiss in federal district court, and appellant filed a response to the motion. Because there was no subject-matter jurisdiction, as the amount in controversy requirement for diversity jurisdiction had not been satisfied, the case was remanded back to state court.

On July 26, 2007, a hearing was held in Pulaski County Circuit Court and arguments were presented by counsel. With both parties agreeing that there was a three-year statute of limitations pursuant to Ark. Code Ann. § 16-56-105, the single issue addressed by the attorneys was at what point the statute of limitations began to run. The trial court concluded that appellant's claims were barred by the applicable statute of limitations and granted appellee's motion to dismiss. Appellant filed a timely notice of appeal.

Our appellate courts review a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Branscumb v. Freeman*, 360 Ark. 171, 200 S.W.3d 411 (2004). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *See Preston v. Univ. of Ark. for Med. Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003). Further, if there is any reasonable doubt as to the application of the statute of limitations, this court will resolve the question in favor of the complaint standing and against the challenge. *Hackelton v. Malloy*, 364 Ark. 469, 221 S.W.3d 353 (2006).

Arkansas Code Annotated section 16-56-105 provides that "[a]ll actions founded upon any contract, obligation, or liability not under seal and not in writing" must be commenced within three years "after the cause of action accrues." The parties in this case agree that the three-year statute of limitations found in Ark. Code Ann. § 16-56-105 controls both appellant's breach-of-contract and negligence claims. The sole issue below and on appeal is whether the statute of limitations began to run in 1991 when the first paternity test was performed or in 2003 when the second paternity test revealed that appellant was not M.C.'s biological father.

Appellant acknowledges that Arkansas courts have generally applied the "occurrence rule." The "occurrence rule" provides that an action accrues when the last element essential to the cause of action occurs, unless the wrongdoing is actively concealed. *Morrow Cash Heating & Air, Inc. v. Jackson*, 96 Ark. App. 105, 239 S.W.3d 8 (2006) (citing *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998)). However, appellant urges this court to follow the analysis in *State v. Diamond Lakes Oil Co.*, 347 Ark. 618, 66 S.W.3d 613 (2002), where our supreme court applied the "discovery rule" in a case that did not involve professional malpractice. In *Diamond Lakes*, the court noted the unique facts and applied the discovery rule even though there was no active concealment of the injury, partly on the ground that the plaintiff could not have known either the cause or source of his injury until less than three years before the suit was filed. Appellant asserts that in the present case, there is no dispute that appellant did not discover the error in the paternity test until October 2003 when the second paternity test was performed. Therefore, it was not until October 2003 that appellant discovered that there was any wrongful conduct on the part of appellee.

Appellee asserts that this case is analogous to the professional malpractice cases, citing many of the cases that demonstrate that the court has adhered to the traditional "occurrence rule." *See Moix-McNutt v. Brown*, 348 Ark. 518, 74 S.W.3d 612 (2002) (stating that for over one hundred years, Arkansas has followed the "occurrence rule" with respect to the commencement of the statute of limitations in legal malpractice cases); *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998) (stating that Arkansas adheres to the "occurrence rule" in professional malpractice cases, which provides that a cause of action accrues when the last element essential to the cause of action occurs, unless the professional

actively conceals the wrongdoing); *Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991) (stating that in ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action); *Morrow Cash Heating & Air, Inc. v. Jackson*, 96 Ark. App. 105, 239 S.W.3d 8 (2006) (stating that the occurrence rule applies in professional malpractice cases, providing that a cause of action accrues when the last element essential to the cause of action occurs, unless the professional actively conceals the wrongdoing). Appellee contends that the court's reasoning behind adhering to the "occurrence rule" in previous cases is applicable to the case at hand. In the professional malpractice cases, the court considers the fact that if the court were to adopt the "discovery rule" in these cases, professionals would find themselves subject to claims arising from services performed many years ago. Moreover, in reliance on the court's prior holding that the "occurrence rule" applies, many professionals retain records for only three years. In the case at hand, it appears that appellee only kept records for seven years. Therefore, there would be no records and possibly no witnesses upon which to defend a claim from a paternity test conducted in 1991.

As stated in *Moix-McNutt, supra*, "Arkansas has utilized the 'occurrence rule' since 1877, and '[t]his court has expressly declined to retroactively change the legal malpractice occurrence rule to any of the other approaches. The General Assembly's silence for over 100 years indicates tacit approval of this court's statutory interpretation.' " (quoting *Ragar*, 332 Ark. at 223, 964 S.W.2d at 377).

At the hearing, appellant abandoned any claim of fraudulent concealment. Without any fraudulent-concealment claim, there can be no claim outside the three-year statute of limitations. We affirm the trial court's decision to grant appellee's motion to dismiss.

Affirmed.

ROBBINS and GLOVER, JJ., agree.